OPINION *Page 2 
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the December 13, 2007, Judgment Entry of the Tuscarawas County Court of Common Pleas granting defendant-appellee Larry Rouse's Motion to Dismiss Indictment under R.C. 2945.71(C)(2)(E).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 23, 2007, while in jail awaiting trial on an unrelated misdemeanor domestic violence charge, appellee was served in the case sub judice with a felony complaint charging him with aggravated robbery. On August 24, 2007, bond was established in the amount of $ 100,000.00 with respect to the aggravated robbery case and a preliminary hearing in such case was scheduled for August 30, 2007. On the same date, appellee entered a not guilty plea in the domestic violence case and was granted a personal recognizance bond.
 {¶ 3} On August 29, 2007, appellee was indicted in the case sub judice on one count of aggravated robbery in violation of R.C.2911.01(A)(1), a felony of the first degree, and one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. On the same date, a warrant was issued upon the indictment. Appellee was served with the warrant at the Tuscarawas County Jail on August 29, 2007. The original felony complaint was dismissed in this case on August 30, 2007. At his arraignment on August 31, 2007, appellee entered a plea of not guilty to the charges. As memorialized in a Judgment Entry filed on September 4, 2007, bond was set in the amount of $ 50,000.00. The trial court ordered appellee to be remanded to the custody of the Sheriff. *Page 3 
 {¶ 4} On September 4, 2007, appellee requested discovery and a Bill of Particulars from appellant State of Ohio. Appellant State of Ohio responded to the same on September 19, 2007.
 {¶ 5} Thereafter, on October 9, 2007, appellee filed a Motion to Modify Bond, seeking a personal recognizance bond. On October 19, 2007, appellee filed a "Withdrawal of Motion to Modify Bond." Appellee, in the same, indicated that a non-oral hearing had been scheduled on his motion for October 22, 2007.
 {¶ 6} Subsequently, on December 12, 2007, appellee filed a Motion to Dismiss pursuant to R.C. 2945.71(C)(2)(E). Appellee, in his motion, alleged that appellant had failed to bring him to trial within two hundred and seventy (270) days as required by law. A hearing on appellee's motion was held on December 13, 2007. Pursuant to a Judgment Entry filed on December 13, 2007, the trial court granted appellee's motion and ordered the indictment dismissed with prejudice to refilling. The trial court also cancelled the jury trial scheduled for December 13, 2007.
 {¶ 7} Appellant now raises the following assignment of error on appeal:[1]
 {¶ 8} "THE TRIAL COURT ERRED BY FAILING TO TOLL THE SPEEDY TRIAL TIME UPON THE FILING OF A MOTION FOR BOND REDUCTION BY THE ACCUSED. AS THE RESULT, THE TRIAL COURT ERRED BY FINDING THAT APPELLEE HAD BEEN DENIED A SPEEDY TRIAL AND BY DISMISSING THE INDICTMENT."
 I {¶ 9} Appellant, in its sole assignment of error, argues that the trial court erred in failing to toll the speedy trial time upon appellee's filing of his Motion for Bond *Page 4 
Reduction. Appellant further argues that, as a result, the trial court erred by finding that appellee had been denied a speedy trial and granting his Motion to Dismiss the indictment with prejudice. We agree.
 {¶ 10} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. R.C. 2945.71 provides, in pertinent part:
 {¶ 11} "(C) A person against whom a charge of felony is pending:
 {¶ 12} . . .
 {¶ 13} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest. . . .
 {¶ 14} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 15} However, the time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 {¶ 16} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 17} "* * *(E) Any period of delay necessitated by reason of a. . . . motion, proceeding, or action made or instituted by the accused." *Page 5 
 {¶ 18} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to each side and determine whether the case was tried within the statutory time limits. City of Oregon v. Kohne (1997),117 Ohio App.3d 179, 690 N.E.2d 66.
 {¶ 19} Both parties agree that the crucial issue in the case sub judice is whether or not appellee's Motion for Bond Reduction tolled the speedy trial period. If such motion tolled the speedy trial period, appellee was brought to trial within 270 days and the trial court erred in granting his Motion to Dismiss. However, if the Motion for Bond Reduction did not toll the speedy trial time, then appellee was not brought to trial within 270 days and the trial court did not err in granting his Motion to Dismiss.
 {¶ 20} Several Ohio cases have held that a motion for bond reduction tolls the speedy trial time period as the motion was made by the accused under R.C. 2945.72(E). See State v. Walters (Jan. 18, 1996), Cuyahoga App. No. 68279, 1996 WL 17322, unreported. See also State v.Caudill (1998), Hancock App. No. O5-97-35, 1998 WL 833729, and State v.Brown, Ashtabula No. 2003-A-0092, 2005-Ohio-2879.
 {¶ 21} Appellee argues that his motion did not cause a delay in the trial proceedings or divert the prosecutor and that, therefore, the motion did not toll the running of the speedy trial time under R.C. 2945.72(E). However, in State v. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, the Ohio Supreme Court held that a Motion in Limine filed by the defendant tolled the speedy trial time in a prosecution for felony offenses even though the State of Ohio showed no delay or prosecutorial distraction caused by motion. The Ohio Supreme Court, inSanchez, specifically held that that *Page 6 
R.C. 2945.72(E) "does not require a showing that a motion caused delay before the running of speedy-trial time may be suspended." Id at paragraph 24. The court, in Sanchez, further stated, in relevant part, as follows: "We do not agree that the state has an affirmative duty to show that a motion diverted the prosecutor's attention or caused a delay in the proceedings before speedy-trial time is tolled. It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a `period of delay necessitated' — at the very least, for a reasonable time until the motion is responded to and ruled upon." Id at paragraph 26.
 {¶ 22} Based on the foregoing, we find that the trial court erred by failing to toll the speedy trial time while appellee's Motion for Bond Reduction was pending. As is stated above, appellee filed his Motion for Bond Reduction on October 9, 2007, and withdrew the same on October 19, 2007. Such period was a reasonable amount of time necessitated by the motion. We further find that, for such reason, the trial court erred in finding that appellant had not been brought to trial within 270 days and in granting appellee's Motion to Dismiss on such basis.
 {¶ 23} Appellant's sole assignment of error is, therefore, sustained. *Page 7 
 {¶ 24} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
 Edwards, J., Gwin, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] Pursuant to R.C. 2945.67(A), the State of Ohio has an appeal as a matter of right. *Page 1