[Cite as *State v. Davis*, 2013-Ohio-5311.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 12CA3506 |
| v. | : | |
| | | DECISION & JUDGMENT ENTRY |
| Teah Davis, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/25/13** |

_____

APPEARANCES:

R. Tracy Hoover, The Hoover Law Group, LLC, Portsmouth, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Danielle M. Parker, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

SADLER, J.

{¶ 1} Defendant-appellant, Teah Davis nka Broughton, appeals from a judgment of the Scioto County Court of Common Pleas convicting her of attempted endangering children, a felony of the fourth degree, in violation of R.C. 2923.02, as it relates to 2919.22(A). For the following reasons, we affirm the judgment of the trial court.

**I. BACKGROUND**

{¶ 2} On August 23, 2010, appellant was indicted on five counts of felonious assault, each felonies of the second degree, in violation of R.C. 2903.11(A)(1) and (D)(1), five counts of endangering children, each felonies of the third degree, in violation of R.C. 2919.22(A), and five counts of endangering children, each felonies of the second degree, in violation of R.C. 2919.22(D). Appellant was arrested on August 24, 2010 and

incarcerated until her arraignment on September 1, 2010, where she entered a plea of not guilty and posted bond.

{¶ 3}   Appellant filed a motion to dismiss on December 14, 2011, arguing her statutory right to a speedy trial, pursuant to R.C. 2945.71, had been violated.  The trial court overruled the motion.  Again, on July 3, 2012, appellant filed a motion to dismiss, this time arguing that both her constitutional and statutory rights to a speedy trial had been violated.  Appellee filed a memorandum contra and appellant responded.

{¶ 4}   In overruling the motion, the trial court found "a lack of actual prejudice against the Defendant thus no constitutional violation of her due process rights."  (July 12, 2012 Judgment Entry.)  The trial court further found "[d]efendant neglects to include in her calculation her filing of May 27, 2011, a request for a more specific bill of particulars."  (July 12, 2012 Judgment Entry.)  Finally, the trial court found the request for a more specific bill of particulars is a tolling event, and appellee had 51 days remaining to bring appellant to trial.

{¶ 5}   On August 16, 2012, appellant withdrew her not guilty plea and entered a plea of no contest to the amended charge of attempted endangering children.  Pursuant to her plea of no contest, appellant was found guilty of one count of attempted endangering children and sentenced accordingly.  This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 6}   Appellant brings the following assignment of error for our review:

> The trial court erred in denying the Defendant's Motion to
> Dismiss the charges against her because the State of Ohio
> violated her constitutional and statutory rights to a speedy
> trial.

## III.  DISCUSSION

{¶ 7}   A defendant's constitutional right to a speedy trial, "a more vague concept than other procedural rights," arises from the Sixth and Fourteenth Amendments to the United States Constitution.  *Barker v. Wingo*, 407 U.S. 514, 521 (1972).  A defendant's statutory right to speedy trial arises from R.C. 2945.72.  Appellant asserts the speedy trial clock began to run on August 24, 2010, the day of her arrest, and stopped on August 16, 2012, the day she entered her no contest plea and was sentenced.

{¶ 8}   Our review of a trial court's decision regarding a motion to dismiss for an alleged constitutional and statutory speedy trial violation involves mixed questions of law and fact.  *State v. Davis*, 4th Dist. No. 10CA3188, 2011-Ohio-1747, ¶ 13, citing *State v. Alexander*, 4th Dist. No. 08CA3221, 2009-Ohio-1401, ¶ 15.  Due deference is accorded to the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*  However, we must determine independently whether the trial court properly applied the law to the facts of this case.  *Id.*

### A.  Constitutional Speedy Trial Analysis

{¶ 10} We first address appellant's claim of a constitutional speedy trial violation. The Sixth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 10, guarantee a criminal defendant the right to a speedy trial.  In *Barker*, the United States Supreme Court set forth a balancing test to determine whether trial delays are reasonable under the Sixth and Fourteenth Amendments to the United States Constitution.  "The following factors are to be considered:  'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 64, quoting *Barker* at 530.  These factors

are balanced in a totality of the circumstances with no one factor controlling. *Barker* at 530. The Supreme Court of Ohio has also adopted this test to determine if an individual's constitutional speedy trial rights have been violated. *State v. Selvage*, 80 Ohio St.3d 465, 467 (1997). We address each factor individually.

{¶ 11} The first of these factors, the length of the delay, "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker* at 530; *Doggett v. United States*, 505 U.S. 647, 651 (1992). Therefore, the *Barker* analysis is only triggered once a "presumptively prejudicial" delay is shown. *Doggett* at 651-52; *Alexander*. "[C]ourts generally find post-accusation delay to be 'presumptively prejudicial' as it approaches one year." *Id.* at ¶ 34. Here, appellant was found guilty almost two years after her indictment. Assuming without deciding that a presumptively prejudicial delay has been shown, we will consider the other *Barker* factors to determine if appellant's speedy trial rights have been violated.

{¶ 12} The second factor focuses on the reasons for delay. This factor is concerned with whether the government or the defendant is more to blame for the delay. *Doggett* at 651. "Delay 'to hamper the defense' weighs heavily against the prosecution while delay caused by the defense weighs against the defendant." *Vermont v. Brillon,* 556 U.S. 81, 82 (2009), quoting *Barker* at 531. A review of the record reveals appellant was responsible for a substantial amount of delay. Throughout the course of the proceedings, appellant filed 12 motions, as opposed to the six filed by appellee. In response to appellee's motion to consolidate, appellant filed three responses as well as a separate motion. Said action necessarily prolonged the trial court's ability to resolve the

motion to consolidate.  Finally, both appellant and appellee requested discovery. Appellee provided discovery to appellant within the 28 days provided by Civ.R. 16. Appellant did not respond to appellee's reciprocal request for discovery for almost nine months.

{¶ 13}  Appellant argues there was no acceptable reason for a delay and argues appellee did not give the case "prosecutorial priority."  On the contrary, the record shows appellee timely responded when appellant's motions required action on behalf of appellee.  Nor do we find any delay caused by appellee's motions to be delay "to hamper the defense."  In consideration of the aforementioned, we find appellant was more responsible than appellee for a delay in the proceedings.  Hence, this factor does not weigh in appellant's favor.

{¶ 14}  The next factor concerns appellant's assertion of her right to a speedy trial. Appellant first asserted a violation of her constitutional right to a speedy trial on July 3, 2012, almost two years subsequent to the commencement of this case.  We have previously held that a complete failure to assert a speedy trial right should be "assign[ed] little or no weight."  *State v. Remy*, 4th Dist. No. 96CA2245 (June 27, 1997); *Alexander* at ¶ 38 (third factor weighed only slightly against defendant when failure to assert speedy trial right occurred several months after arraignment with significant pre-indictment delay). We, therefore, find the third factor weighs only slightly against appellant.

{¶ 15}  The final factor is prejudice.  The trial court found "a lack of actual prejudice against the Defendant thus no constitutional violation of her due process rights."  (July 12, 2012 Judgment Entry.)  In assessing prejudice, we consider the specific interests the right to a speedy trial was designed to protect: (1) oppressive pretrial incarceration, (2) anxiety

and concern of the accused, and (3) the possibility the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence. *Doggett* at 654; *Alexander* at ¶ 39. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker* at 532.

{¶ 16} Appellant does not argue that her defense of this case was impaired by the passage of time or that there was oppressive pretrial incarceration. Rather, appellant argues the delay has prejudiced her because she has not been able to visit with the minor child involved in this matter, as a condition of her bail, and, further, the paternal grandparents have started an adoption action in probate court. However, anxiety alone is insufficient to establish prejudice. *State v. Eicher*, 8th Dist. No. 89161, 2007-Ohio-6813; *Barker* at 533-34. Accordingly, having considered all aforementioned interests of appellant, we find this factor weighs against appellant.

{¶ 17} Carefully balancing these factors, we conclude appellant did not suffer a violation of her constitutional right to a speedy trial.

## B. Statutory Speedy Trial Analysis

{¶ 18} Appellant next argues her statutory speedy trial right was violated. "[W]hen reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the State." *State v. Staffin*, 4th Dist. No. 07CA2967, 2008-Ohio-338, ¶ 6, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996). R.C. 2945.71(C)(2) requires a criminal defendant against whom a felony charge is pending to be brought to trial within 270 days from his arrest. If the state does not bring the defendant to trial within the statutory time frame, he "shall be discharged." R.C. 2945.73(B).

{¶ 19} Upon establishing that more than 270 days has passed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation. *Alexander* at ¶ 17. Here, there is no dispute appellant was not brought to trial within the required 270 days. Appellant, therefore, has presented a prima facie case for dismissal. *State v. Butcher,* 27 Ohio St.3d 28, 30-31 (1986). The burden then shifts to appellee to show that speedy trial limitations, pursuant to R.C. 2945.71, have not expired by demonstrating that R.C. 2945.72 extended the time limit. *Id.* at 31.

{¶ 20} Pursuant to R.C. 2945.72, the time within which an accused must be brought to trial is extended by "(D) [a]ny period of delay occasioned by the neglect or improper act of the accused; (E) [a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," and "(H) [t]he period of any continuance granted on the accused's own motion." "The State bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant is tried within the speedy-trial period." *Staffin* at ¶ 8, citing *State v. Whitt*, 4th Dist. No. 04CA2962, 2005-Ohio-5154, ¶ 16.

{¶ 21} When computing how much time has run against appellee under R.C. 2945.71, we begin with the day after the date appellant was arrested. R.C. 1.14; Crim.R. 45(A); *Alexander* at ¶ 18. Appellant was arrested on August 24, 2010; therefore, the time in which the state had to bring appellant to trial began running on August 25, 2010. From that date until September 25, 2012, the date appellant pleaded no contest and was sentenced, is 723 days.

{¶ 22} Appellee bears the burden to prove events chargeable to appellant have sufficiently tolled enough time so appellant was tried within the speedy trial period. As

such, appellee argues that tolling occurred: between September 15 and December 14, 2010, while multiple motions filed by appellant were pending (90 days); between January 19 and April 6, 2011, while appellant's motion to declare defendant indigent was pending (77 days); between May 27 and December 14, 2011, while appellant's motion requesting an amended bill of particulars was pending and when appellant filed a motion to dismiss for a speedy trial violation, an overlapping tolling event (201 days); between December 14, 2011 and March 30, 2012, while appellant's motion to dismiss for a speedy trial violation was pending (107 days); and between July 3 and July 12, 2012, while appellant's second motion to dismiss for speedy trial violations was pending (9 days). Thus, according to appellee, 484 of the 723 days were tolled, pursuant to R.C. 2945.72(E) and (H), and only 255 days had passed.[1]

{¶ 23} An independent review of the record reveals the following motion activity relevant to this case:

| Relevant Events: | Date: |
| --- | --- |
| Defendant's Request for Discovery<br>Defendant's Motion to Modify Conditions of Bond | 09/15/10 |
| Defendant's Motion to Continue | 09/22/10 |
| **Judgment Entry granting motion to continue pretrial hearing until 10/14/10** | **09/30/10** |
| State's response to Defendant's Request for Discovery and Reciprocal Request for Discovery | 10/13/10 |
| Defendant's Supplemental Motion to Modify Conditions of Bond | 11/10/10 |
| **Judgment Entry on Defendant's Motion to Modify Bond** | **12/14/10** |
| Defendant's Motion to Declare Defendant Indigent<br>Defendant's Motion for Fees for Expert Witness & Fees for Transcript Preparation | 01/19/11 |

---

[1] Appellant was incarcerated from August 24 until September 1, 2010 requiring the application of "triple time" for that period. R.C. 2945.71(E).

| | |
|---|---|
| **Judgment Entry on Defendant's 01/19/11 motions** | **04/06/11** |
| Defendant's Motion Requesting a More Specific Bill of Particulars[2] | 05/27/11 |
| Defendant's Discovery Response to State[3] | 07/07/11 |
| Defendant's Motion to File Supplemental Motion in Opposition to State's Motion to Consolidate Under Seal | 09/07/11 |
| Defendant's Motion to Dismiss | 12/14/11 |
| **Judgment Entry on Defendant's Motion to Dismiss** | **03/30/12** |
| **Judgment Entry on Motion to Consolidate and Defendant's 09/07/11 motion** | **04/05/12** |
| Defendant's Motion to Dismiss | 07/03/12 |
| **Judgment Entry on Defendant's Motion to Dismiss** | **07/12/12** |
| Defendant's Motion to Continue Trial | 07/13/12 |
| **Judgment Entry on Defendant's Motion to Continue Trial** | **07/13/12** |
| Defendant's Motion for Funds and Defendant's Motion for Written Report of Experts | 07/20/12 |
| **Judgment Entry on Defendant's 07/20/12 motions** | **07/26/12** |
| **Judgment Entry Accepting Defendant's Guilty Plea** | **08/21/12** |

(Judgment Entries in bold.)

{¶ 24} Appellant avers three arguments for our consideration in opposition to appellee's calculations. Appellant's first argument takes issue with the trial court and appellee's tolling calculations. According to appellant, because appellee filed a motion to consolidate on April 8, 2011, her motion requesting a more specific bill of particulars filed on May 27, 2011 did not toll the speedy trial clock because it was filed within in a time

---

[2] We note that, although the trial court never ruled on appellant's motion for an amended bill of particulars, appellant's motion to dismiss filed on December 14, 2011 was a new tolling event which made the motion requesting a more specific bill of particulars no longer a necessary tolling event. *State v. Williams*, 7th Dist. No. 07 MA 162, 2008-Ohio-1532, ¶ 41.

[3] We note that a defendant's unreasonable delay in responding to discovery requested by the prosecution will also toll speedy trial time. R.C. 2945.72(D); *State v. Bradley*, 11th Dist. No. 2004-T-0080, 2005-Ohio-6572, ¶ 27. Here, appellee requested discovery on October 13, 2010 and did not receive a response until July 7, 2011. However, a determination of whether this response time is reasonable is unnecessary because, as will be discussed, there are other sufficient tolling events in the record.

frame where there was a state motion that caused a delay in the proceedings. We disagree.

{¶ 25} Although "[t]he State bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant is tried within the speedy-trial period," *Staffin* at ¶ 8, citing *Whitt* at ¶ 16, "R.C. 2945.72(E) creates no 'affirmative duty to show that a motion diverted the prosecutor's attention or caused a delay in the proceedings before speedy-trial time is tolled.' " *Id.* at ¶ 15, quoting *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 26. Pursuant to R.C. 2945.72(E), the time within which an accused must be brought to trial is extended by the filing of a motion by the accused. "It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a 'period of delay necessitated' -- at the very least, for a reasonable time until the motion is responded to and ruled upon."[4] *Sanchez* at ¶ 26. The date a motion was filed is not counted unless the date was also the date an order was entered resolving the motion. *Staffin* at fn. 1, citing *State v. Webb,* 4th Dist. No. 01CA32, 2002-Ohio-3552, fn. 3, citing *United States v. Thomas,* 49 F.3d 253, 256 (6th Cir.1995).

{¶ 26} Appellant has cited no authority for her argument that, because she filed a request for a more specific bill of particulars while the state's motion to consolidate was pending, the filing of the defendant's request does not itself become a tolling event. Nor does our research reveal support for this assertion. To adopt appellant's argument would require this court to conclude that, once the state files a motion requiring court action, the

---

[4] "Several Ohio cases have held that a motion for bond reduction tolls the speedy trial time period as the motion was made by the accused under R.C. 2945.72(E)." *State v. Rouse*, 5th Dist. No. 2007 AP 12 0078, 2008-Ohio-5891, ¶ 20.

speedy trial clock could not be subsequently tolled by any action of the defendant.  Such a conclusion would be contrary to the very purpose of R.C. 2945.72(E), which provides for extensions of time within which an accused must be brought to trial.  Therefore, we find appellant's request for a more specific bill of particulars filed on May 27, 2011 tolled the speedy trial clock.

{¶ 27} Appellant next argues the trial court's reliance on *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, for the proposition that a motion for a bill of particulars is a tolling event, is incorrect.  According to appellant, the *Brown* decision only held that discovery requests were tolling events.  We disagree.

{¶ 28} The Supreme Court of Ohio in *Brown* was faced with the following certified question: "Whether the defendant's filing of a request for discovery or *for a bill of particulars*, and the state's response thereto, extends that time within which the defendant must be brought to trial under the Ohio speedy trial statute, R.C. 2945.71 *et seq.*" (Emphasis added.)  *Id.* at ¶ 6.  The *Brown* court went on to "conclude that a demand for discovery or a *bill of particulars* is a tolling event pursuant to R.C. 2945.72(E)." (Emphasis added.)  *Id.* at ¶ 26.  We, as well as other districts, have relied on *Brown's* holding for the proposition that requests for a bill of particulars are a tolling event for purposes of speedy trial.  *State v. Phillips*, 4th Dist. No. 09CA13, 2009-Ohio-7069, ¶ 21; *State v. Small*, 10th Dist. No. 06AP-1110, 2007-Ohio-6771, ¶ 5; *State v. Browand*, 9th Dist. No. 06CA009053, 2007-Ohio-4342, ¶ 15; *State v. Eskridge*, 6th Dist. No. L-06-1013, 2007-Ohio-4712, ¶ 10.

{¶ 29} Accordingly, we disagree with appellant's interpretation of *Brown* and find the trial court correctly relied on *Brown* for the proposition that a request for a bill of particulars is a tolling event.

{¶ 30} Appellant's final argument asserts the trial court's failure to rule upon her motion requesting a more specific bill of particulars caused an unreasonable delay and violated her rights to a speedy trial.

{¶ 31} "The Ohio Supreme Court has noted that '[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible.' " *State v. Brummett*, 4th Dist. No. 03CA5, 2004-Ohio-431, ¶ 22, quoting *State v. Martin*, 56 Ohio St.2d 289, 297 (1978). Although there is no strict time limit in which a trial court must rule on a motion, Sup.R. 40(A)(3) provides, in relevant part, "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." We have previously stated that " 'the Rules of Superintendence are internal housekeeping rules and do not give any rights to individual defendants' " but may be used as a guide. *Id.* at ¶ 23, quoting *State v. Hurst*, 4th Dist. N0. 98CA08 (Mar. 12, 1999), citing *Esber v. Esber*, 63 Ohio App.3d 394 (9th Dist.1989).

{¶ 32} "However, 'an unreasonable or excessive delay in determining such a motion may violate a defendant's speedy trial rights.' " *Staffin* at ¶ 16, quoting *Hurst*. "What constitutes a reasonable time ' "depends on the particular facts and circumstances of a particular case." ' " *Id.* at ¶ 15, quoting *State v. Monroe*, 4th Dist No. 05CA3042, 2007-Ohio-1492, ¶ 34, quoting *State v. Saffell*, 35 Ohio St.3d 90, 91 (1998). This includes taking into account the particular circumstances of the case, including the factual

and legal complexity involved in the case, and the time constraints on the particular judge. *Id.* at ¶ 15; *State v. Mullins*, 152 Ohio App.3d 83, 2003-Ohio-477, ¶ 11 (3d Dist.).

**{¶ 33}** Here, there was a delay of 201 days between appellant's filing of her motion requesting a more specific bill of particulars and a subsequent tolling event. We must determine whether such a delay is reasonable under the circumstances of this case.

**{¶ 34}** In *Hurst,* we determined a period of 147 days to rule upon a defendant's motion to dismiss was not unreasonable and did not deprive the defendant of his speedy trial rights. Conversely, in *Brummett* and *Staffin*, we determined 318 days and 364 days respectively to decide a motion was unreasonable. Essential to our decision in *Staffin* was our conclusion there was 148 days of inactivity in the trial record subsequent to a hearing on the motion, and the motion neither presented a legally complex issue, nor one requiring a great deal of legal research. Using the Rules of Superintendence as a guide and taking into consideration the above factors, we only tolled 120 days, as opposed to the full 364 days, for speedy trial purposes.

**{¶ 35}** In this case, the 201 days of delay falls somewhere in the midst of what we faced in *Hurst*, *Brummett*, and *Staffin*, but notably closer to the delay experienced in *Hurst.* Strikingly similar is the Seventh District Court of Appeals decision in *State v. Driver*, 7th Dist. No. 03 MA 210, 2006-Ohio-494, wherein the defendant was charged with murder and an accompanying firearm specification. Similar to this case, the defendant argued a 204-day delay in ruling on his motion to suppress was unreasonable. In ruling on the reasonableness of the delay, the *Driver* court considered the legal and factual complexity of the case, the trial court's activity in the case, as well as other pending matters on the trial court's docket.

{¶ 36} In *Driver,* the defendant had filed five other motions on the same date he filed the motion to suppress at issue and received decisions on each. The trial court was also considering three other pending motions. The *Driver* court determined the defendant's case was legally and factually complex as it involved allegations of murder with a firearm specification, and the trial court was active in the case throughout the period the motion was pending. The *Driver* court did not have evidence of other matters or cases pending on the trial court's docket. Nonetheless, based on these circumstances, the *Driver* court held the 204-day delay in ruling on the defendant's motion to suppress was reasonable.

{¶ 37} Here, appellant's motion tolled the speedy trial clock for 201 days before a new tolling event took its place. Like *Driver*, we find the trial court was confronted with a legally and factually complex case, and the record demonstrates an active trial court and counsel. Appellant was indicted with five counts of felonious assault and ten counts of felony child endangerment. On April 8, 2011, appellee filed a motion to consolidate, eliciting a response from appellant on April 20, 2011. On April 28, 2011, appellee filed a memorandum in support of its motion to consolidate, again eliciting a response from appellant on May 26, 2011. On May 27, 2011, while the court was considering multiple filings on appellee's motion to consolidate, appellant filed the request for a more specific bill of particulars.

{¶ 38} On June 2, 2011, appellee filed a motion contra appellant's supplemental memorandum. On July 5, 2011, appellee filed a memorandum contra appellee's request for a more specific bill of particulars. The trial court issued a judgment entry on August 19, 2011 on the issue of consolidation. Appellant then filed a motion to file a

supplemental motion in opposition to appellee's motion to consolidate under seal. In response, the trial court issued an order on October 7, 2011 setting a second hearing on the consolidation issue. On October 20, 2011, due to illness, appellee requested an extension of time to file a response to appellant's motion to file under seal. On October 25, 2011, appellee filed its response, and the court issued a judgment entry on October 28, 2011 granting the extension of time. During this entire time frame, appellant's motion requesting a more specific bill of particulars was pending. The trial court, on November 17, 2011, issued two hearing notices. Appellant filed her first motion to dismiss on December 14, 2011. Appellee then filed an amended bill of particulars on December 21, 2011.

{¶ 39} Based on the foregoing, we find the trial court was faced with complex issues, both legally and factually, as demonstrated by the multiple, and sometimes overlapping, filings of the parties, and the court was active in resolving multiple issues. After review of the record, we cannot conclude the trial court's delay in ruling on appellant's motion requesting a more specific bill of particulars was unreasonable.

{¶ 40} Accordingly, as shown in the chart and consistent with appellee's calculations, we find 255 days of speedy trial time passed between the day after defendant's arrest and the date she entered a not guilty plea. Thus, appellant's statutory speedy trial rights were not violated.

{¶ 41} Because we have found no violation of appellant's constitutional or statutory speedy trial rights, we overrule appellant's sole assignment of error.

## IV. CONCLUSION

{¶ 42} Having overruled appellant's sole assignment of error, the judgment of the

Scioto County Court of Common Pleas is hereby affirmed.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

*Klatt, P.J., & Dorrian, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
        Lisa. L. Sadler, Judge*




## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


*Lisa L. Sadler, William A. Klatt, and Julia L. Dorrian, from the Tenth Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.