THE STATE OF OHIO, APPELLEE, *v.* KAISER, APPELLANT.

(No. 77-1127—Decided October 18, 1978.)

30

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Robert E. Kickel,* for appellee.

*Jacobs, Jacobs & Ziskind Co., L. P. A., Mr. Thomas L. Jacobs* and *Mr. Russell S. Bensing,* for appellant.

PAUL W. BROWN, J. Four propositions of law are proferred in this appeal.

The first is that the showing of a single mug shot of appellant to the eyewitness violated appellant's due process rights and irretrievably tainted the identification. Appellant cites *Simmons* v. *United States* (1968), 390 U. S. 377. This court in *State* v. *Perryman* (1976), 49 Ohio St. 2d 14, 358 N. E. 2d 1040, at page 22, quoted the following from *Simmons*:

" * * * we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

A review of the facts herein shows that, prior to the identification of appellant's photograph at the police station, Mervar identified appellant from a picture appearing in the newspaper. In *State* v. *Sheardon* (1972), 31 Ohio St. 2d 20, 285 N. E. 2d 335, two witnesses, after having

identified defendant from police pictures, were allowed to view the defendant in person. It was then determined that such procedure was not error inasmuch as the witnesses had already identified the defendant and the purpose of the viewing was for confirmation of the prior identification.

Thus, when a witness has already identified a suspect in circumstances which are not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," a subsequent identification procedure which may be "impermissibly suggestive" does not taint the original identification.

This court finds appellant's first proposition of law to be not well taken.

The second proposition of law reads: "Permitting a police detective to testify that the photograph of the defendant shown to the state's only eyewitness was the result of the defendant's arrest for a felony is error prejudicial to the defendant."

At the trial, appellant called a detective to the stand and elicited testimony concerning the date when Mervar was shown the mug shot of appellant and concerning the mug shot itself. On cross-examination, the state inquired of the detective why the mug shot was taken. Over objection, the detective testified that mug shots are taken where a person is arrested for a felony. Appellant urges that the admission of this evidence of another arrest was error.

The record shows that, during the trial, appellant took the stand in his own behalf and that on cross-examination, he was asked about his prior convictions. He responded that he had been convicted of aggravated murder and aggravated robbery. Inasmuch as a defendant "may be cross-examined as to his conviction of a crime under state or federal laws for the purpose of testing credibility" (*State* v. *Arrington* [1975], 42 Ohio St. 2d 114, 120, 326 N. E. 2d 667), such cross-examination was proper. In view of the evidence as to prior convictions, the admission of the testimony from the police detective indicating that

appellant had been arrested for a felony cannot be said to be prejudicial.

Appellant's third proposition of law states: "When an accused is held in jail in lieu of bail on two pending, unrelated charges, the two charges are brought in the same jurisdiction, and the accused is available for trial on both charges, the accused must be brought to trial on both charges within the time limits set forth in Revised Code Section 2945.71, subject to the exceptions contained in Revised Code Section 2945.72."

R. C. 2945.71 reads, in relevant part:

"(C) A person against whom a charge of felony is pending:

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

"(2) Shall be brought to trial within two hundred seventy days after his arrest;

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The record shows that appellant was arrested for the homicide of the police officer, the publicity about which resulted in appellant's identification on July 7, 1975, and that he was indicted for the offenses in the instant cause on July 31, 1975. Appellant's trial commenced on December 8, 1975.

Appellant argues that he "was held in jail from July 9, 1975, the date on which Ludwig Mervar identified him as one of the participants in the May 25 robbery, until his trial began on December 8, 1975, a period of 152 days," and that he is entitled to have this time credited under the triple-count provision of R. C. 2945.71(D).

It is evident that appellant's incarceration between July 7, 1975, and December 8, 1975, was not solely because of the charges made against him in the instant cause. The trial relative to the homicide of the police officer was conducted in October of 1975.

34

In *State* v. *MacDonald* (1976), 48 Ohio St. 2d. 2d 66, 357 N. E. 2d 40, it was held that:

"R. C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail *solely* on the pending charge." (Emphasis added.)

Appellant thus was not entitled to the triple-count provision of R. C. 2945.71(D) and was tried within the statutory time limit.

The fourth and final proposition of law propounded by appellant reads:

"The imposition of the death penalty pursuant to Ohio Revised Code Section 2929.02, et seq. for aiding and abetting the aggravated murder of John Penkowski while committing an aggravated robbery violates the Eighth and Fourteenth Amendments of the United States Constitution and Article one, Section nine of the Constitution of the State of Ohio."

In view of the decision of the United States Supreme Court in *Lockett* v. *Ohio* (1978), U. S. , 57 L. Ed. 2d 973, which held R. C. 2929.04(B) unconstitutional for failure to permit individualized consideration of mitigating factors as required by the Eighth and Fourteenth Amendments, this court modified the judgment of the Court of Appeals by reducing appellant's sentence of death to life imprisonment. Further discussion of appellant's proposition of law is, therefore, unnecessary.

Appellant's sentence having previously been modified by this court, the judgment of the Court of Appeals as to appellant's conviction is hereby affirmed.

*Judgment accordingly.*

HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., not participating.