The State of Ohio, Appellee, v.
Mutter, Appellant.

(No. 46045—Decided
December 15, 1983.)

Mr. John T. Corrigan, prosecuting
attorney, for appellee.

Mr. Gerald S. Gold and Mr. John S.
Pyle, for appellant.

Per Curiam. This is an appeal from
a judgment of the Court of Common
Pleas of Cuyahoga County in which the
court denied defendant-appellant's mo-
tion to dismiss the indictment. Defen-
dant's motion was based on a claim of
double jeopardy and speedy trial (R.C.
2945.71) violations.

The bill of particulars stated be-
tween January 20, 1982 and February
15, 1982, defendant, Jay Lee Mutter, did
plan drug trafficking with other persons
in Cuyahoga, Summit, and Medina
Counties. Also, on January 27, 1982,
defendant sold cocaine being an amount
equal to or exceeding the bulk amount
but less than three times the bulk
amount, and on February 13, 1982, sold
cocaine being an amount equal or ex-
ceeding three times the bulk amount and
on the same date possessed said amount
of cocaine, and also used a 1971 Cadillac
criminally.

However, the indictment which con-
tains seven counts, only refers to
February 13 and 14, 1982.

Counts I, V, VI and VII were dis-
missed. The counts remaining are Count
II, possession of cocaine, Count III, use
of Cadillac for criminal purposes, and
Count IV, possession of cocaine.

Assignment of Error No. I

"The trial court erred in denying the
appellant's motion to dismiss the indict-
ment because the appellant had been
previously placed in jeopardy for the
same conduct complained of in the in-
dictment."

Resolution of this assignment of er-
ror is whether there was a separate
crime committed in regard to Cuyahoga
County as distinct from Summit County.

A reading of the transcripts is of
very little help. Defense counsel stated:

"The detective makes a buy from
somebody in Cuyahoga County, and
then as we say in the trade, they turned
him go, get the stuff from your supplier,
and he allegedly made a buy from Mr.
Mutter in the next county the next day.

"We are having a whole day,
24-hour kind of situation here. We are
not having somebody going in different
places and so forth. This is a one time
thing.

"And then we have a prosecution in
Akron. We have a prosecution in which
the judge in the course [sic], 'This is a
continuing course of conduct. We are go-
ing to let all that evidence in.'

"The testimony was about the buy from the witness in Cuyahoga County. All of the testimony you could establish, at least some of the offenses that were charged here were on the basis of the testimony produced there. What you are doing is splitting the cause of action."

The court then stated:

"We have different terms. We have different dates. We have different persons. We have different places which are in the court's opinion distinct. And I believe that the tests here are satisfied, notwithstanding some overlap in the proof that must be established beyond a reasonable doubt by the State of Ohio to convict this defendant on the counts he is now charged with.

"The Court therefore rules that the defendant's constitutional rights have not been violated as pertains to double jeopardy, and therefore denies defendant's motion to dismiss based upon the defense of double jeopardy."

Defendant's brief makes reference to pages 77-80 of the record of the Summit County trial. However, the testimony on these pages is vague.

Defendant relies on the syllabus of *State* v. *Urvan* (1982), 4 Ohio App. 3d 151, which states:

"1. When an offender commits more than one offense in different jurisdictions as 'part of a course of criminal conduct,' the venue may be lodged for all of the offenses in any one jurisdiction where 'one such offense or any element thereof occurred,' R.C. 2901.12(H).

"2. The state may not, either by design or inadvertence, separate charges originating in one 'course of criminal conduct' and pursue them separately in the courts of more than one county even though the venue could be laid in any one of the counties under R.C. 2901.12(H).

"3. Once a county with subject matter jurisdiction of an alleged crime or crimes under R.C. 2901.12(H) takes action on any one of them, it preempts jurisdiction for all offenses originating in the same 'course of criminal conduct.' And the jurisdiction of the charges is not affected by their disposition.

"4. For the purpose of the application of double jeopardy principles the state is a single entity when acting through the courts of one or more of its component counties to prosecute offenses originating in one 'course of criminal conduct.'

"5. The state is not permitted to split the venue for charges growing out of a single 'course of criminal conduct' in order to bring successive prosecutions on one or more of two or more charges.

"6. A successfully completed diversion contract under R.C. 2935.36 is the equivalent of served or probated time for the contractual offenses. The expiation consequences are the same.

"7. The state's failure to include an available allied offense charge in a diversion contract constitutes a contractual choice equivalent to an election after conviction on two or more allied offenses. The contractual choice binds the state unless and until the diversion contract is breached by the offender."

A reading of the appellate decision seems to emphasize that the prosecutor cannot play "dirty pool" where a person is in a diversion program. The court at 157-158 stated:

"V

"If pretrial diversion programs are to be effective, the state must live up to its agreements. It cannot avoid its obligation by splitting responsibilities between its agencies and pretending that it acts disparately. What it knew and did in Medina through its agent it knew in legal contemplation in Cuyahoga and was bound in both places by applicable federal and state constitutional principles.

"Here the state is attempting to pursue separate charges stemming from

one course of criminal conduct in different counties, in either of which the venue could be laid. Whether the state acts by design or inadvertence makes no difference. The law condemns both. For the effect is to harass the defendant and frustrate statutory policy.

"VI

"It may seem a novel idea to some, but it is not far-fetched to conclude that success in a diversion program is the constructive equivalent of serving a sentence for the crime charged. Any possible question stemming from the state's failure to include another available charge is resolved by the allied offense statute which requires an election between convictions for allied offenses when the state chooses to pursue both. It is not a giant step to impose the same consequences when the election is before conviction.

"For the state to be allowed to split venue and bring a second prosecution on a charge (which at best the state had deliberately elected not to pursue) after all the terms of the diversion contract have been met, violates the spirit and the letter of constitutional Double Jeopardy policy and the spirit of the legislative policy of the state as represented in the venue and allied offense statutes."

The within case is concerned with possession and sale of a large quantity of cocaine. If defendant made separate sales at different times, then he can be prosecuted for each sale. We do not believe the law is that a person can sell drugs for weeks, months, or years, and then claim it was all one course of criminal conduct. *State* v. *Urvan* must be limited to its specific facts.

The assignment of error does not have merit.

Assignment of Error No. II

"The trial court erred in denying the appellant's motion to dismiss the indictment because of the state's non-compliance with the speedy trial statute, Ohio Revised Code Section 2945.71."

Defendant contends he was not brought to trial within two hundred seventy days.

However, defendant has been in custody on both the Summit County charge and the Cuyahoga County holder. Accordingly, for the entire period, defendant has not been "held in lieu of bail solely on the pending charge," and is not entitled to the triple-count provisions of R.C. 2945.71(D). See *State* v. *Ladd* (1978), 56 Ohio St. 2d 197 [10 O.O.3d 363]; *State* v. *Kaiser* (1978), 56 Ohio St. 2d 29 [10 O.O.3d 75]; and *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66 [2 O.O.3d 219].

This assignment of error does not have merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and DAHLING, J., concur.

PRYATEL, J., concurs in judgment only.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.