THE STATE OF OHIO, APPELLEE, *v.*
AMATO, APPELLANT.

(No. 89AP-620—Decided
October 24, 1989.)

*Anthony J. Celebrezze, Jr.,* attorney general, *John A. Guthrie* and *Jerome R. Doute,* for appellee.
*Thomas M. Tyack,* for appellant.

STRAUSBAUGH, J. On January 26, 1989, defendant David L. Amato, along with two other defendants, was indicted by the Franklin County Common Pleas Court's Special Grand Jury investigating Medicaid fraud. Defendant was charged with one count of Medicaid fraud, one count of felony theft and two counts of forgery. The counts arose out of allegations that defendant, who was in the pharmacy business, had engaged in the deceptive practice of billing for brand-name medications while actually supplying generic medications at a lower cost. Under the indictment, the Ohio Department of Human Services was named as the victim of each of the charges. On February 2, 1989, defendant entered a plea of not guilty to all charges at his arraignment.

A pretrial hearing was held on May 12, 1989. Evidence presented at the hearing revealed that prior to the Franklin County indictment, on September 12, 1988, defendant had entered a plea of no contest and had been found guilty of theft by deception—specifically theft from Blue Cross/Blue Shield of Ohio—in the Tuscarawas County Court of Common Pleas. Defendant's conviction for theft from the insurance company involved a time period which overlapped into the time period relating to the billing actions against the state of Ohio. In the insurance company action, defendant submitted fraudulent billings to the insurance company and was reimbursed for dispensing brand-name drugs when, in fact, he had dispensed low-cost generic drugs.

Based upon the earlier conviction, defendant filed a pretrial motion to dismiss based upon the constitutional prohibition against being placed twice in jeopardy for the same offense. On May 16, 1989, the trial court denied defendant's request to dismiss the Franklin County indictment.

Defendant then appealed the decision of the trial court to this court. Defendant now sets forth a single assignment of error for review by this court:

"The trial court erred in overruling defendant's motion to dismiss based on the premise that the multiple prosecution violated the defendant's constitutional rights against double jeopardy and due process."

Defendant urges this court to adopt the principles set forth in *State v. Urvan* (1982), 4 Ohio App. 3d 151, 4

OBR 244, 446 N.E. 2d 1161, limited to its facts in *State* v. *Mutter* (1983), 14 Ohio App. 3d 356, 14 OBR 459, 471 N.E. 2d 782, in support of the contention that his conviction in Tuscarawas County precluded the state from convicting him in Franklin County based upon principles of venue and double jeopardy. We do not find *Urvan* applicable to the facts of this case.

In *Urvan, supra,* the defendant stole products from his employer in Cuyahoga County and transported the items to his home in Medina County. Following the filing of an "Information" by the Medina County Prosecutor for receiving stolen property, defendant was placed in a pretrial diversion program. After successfully completing the program, defendant's charge stemming from the Medina County prosecution was nolled. However, defendant was subsequently indicted by Cuyahoga County authorities for grand theft.

In *Urvan,* the court ruled that jeopardy attached as a result of the Medina County prosecution and that the state could not split venue between Medina County and Cuyahoga County. The *Urvan* decision turned upon the fact that the defendant in *Urvan* engaged in one "course of criminal conduct."

In the present case, defendant engaged in two separate courses of conduct. While defendant's motive and the system he employed in committing the crimes may have been similar, defendant's acts resulting in the Franklin County prosecution were not part of the same course of conduct resulting in the Tuscarawas County prosecution.

In this case, unlike in *Urvan,* there were two different victims, Blue Cross/Blue Shield of Ohio and the state of Ohio. The crimes committed involved different prescriptions, different claims submitted and different dates. More importantly, the evidence to be used in the Franklin County indictment is unique to that prosecution. As defendant engaged in two separate courses of conduct, the double jeopardy and venue concerns of R.C. 2901.12(H) addressed in *Urvan* are inapplicable to this case. We therefore find that the separate indictments in Tuscarawas and Franklin Counties did not violate defendant's constitutional rights against double jeopardy, nor was jurisdiction in Franklin County preempted by the prior conviction in Tuscarawas County.

Plaintiff has filed a motion requesting that this appeal be dismissed on the grounds that it is frivolous. While we agree with plaintiff on the merits of the case, we cannot say that there was no reasonable cause for the appeal and we therefore overrule plaintiff's motion to dismiss.

Finding no merit in defendant's single assignment of error, it is overruled. Accordingly, the order of the trial court is affirmed.

*Motion to dismiss*
*overruled.*
*Order affirmed.*

WHITESIDE and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.