OPINION
Defendant-appellant, Michael Hoskins, appeals a conviction for robbery, a second degree aggravated felony, by the Butler County Court of Common Pleas on March 29, 1996. We affirm the conviction.
On December 7, 1995, Melissa Brashear, a Loss Prevention Supervisor at an Elder Beerman department store in Hamilton, Ohio, observed a black male grab two sets of bedsheets, place them under his arm, and walk out of the store. Brashear identified herself to the man and he dropped the sheets. Brashear then tried to restrain the man, but he threw her forcefully against the glass entrance doors of the store and then fled down the street.
The police were contacted and Brashear gave a description of the man. Later, at the police station, Brashear picked out three pictures of appellant from an assortment of seven hundred fifty photographs of black males. The photographs were of individuals who had been arrested, and each individual held a sign showing his birth date and social security number. At appellant's preliminary hearing, Brashear again identified appellant as the robber. Brashear was able to pick appellant out in a crowded courtroom where there were other black men, some wearing prison uniforms. Appellant was wearing street clothing and was in the back row of the courtroom. Appellant presents two assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN OVERRULING HIS MOTION TO SUPPRESS IDENTIFICATION TESTIMONY.
Appellant contends that Brashear's identification testimony should have been excluded because the identification was tainted by suggestive police procedures. A conviction based upon an identification at trial following a pre-trial photograph identification will be set aside only "if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. U.S. (1968), 390 U.S. 377, 384,88 S.Ct. 967, 971.
The Ohio Supreme Court has ruled on the admissibility of photographic evidence in two similar cases. In State v. Kaiser (1978), 56 Ohio St.2d 29, the court found it was permissible to allow testimony by a witness who identified the defendant from a newspaper and later from a single "mug shot" at the police station. In State v. Perryman (1976), 49 Ohio St.2d 14, the court held that it was not impermissibly suggestive for a witness to have identified a defendant from six "mug shots" which included the date of arrest, an identification number, the height, and weight of each individual pictured.
The primary question is whether the facts show that there was a substantial likelihood that appellant was misidentified because the identification procedure was impermissibly suggestive. Brashear selected three pictures of appellant from seven hundred fifty photographs. All of the photographs were of black men who had been arrested. Although the photographs of appellant showed his birth date and social security number, this was not impermissibly suggestive. This evidence should not be excluded. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT COMMITTED PLAIN ERROR IN PERMITTING DETECTIVE KEENE TO TESTIFY ABOUT THE CONTENTS OF THE APPELLANT'S WORK RECORDS OBTAINED FROM APPELLANT'S EMPLOYER.
At the time of his arrest, appellant claimed in a written statement that at the time of the robbery he was working as a temporary employee for Belcan Temporaries at a business, Harvest Fresh. Detective Terry Keene, a detective with the Hamilton City Police, testified at the trial concerning the contents of a time sheet from Belcan for Harvest Fresh. Keene testified that the time sheet showed that appellant was not at work at the time of the robbery. Appellant's counsel objected,[1] stating that Keene was not qualified to authenticate the time sheet and then comment on its contents.
On appeal, appellant argues that Evid.R. 901(A) requires authentication of business records before the records can be admitted as evidence. The person who authenticates business records "must be able to vouch from personal knowledge of the recording keeping system that such records were kept in the regular course of business." State v. Davis (1991), 62 Ohio St.3d 326,342, certiorari denied (1992), 506 U.S. 803,113 S.Ct. 302.
In the Davis case, the testimony of an Ohio police officer was used to lay the foundation for admission of records maintained by the Illinois prison system. The fact at issue was the defendant's physical description. The court found that the police officer was not qualified to authenticate the record and that the record was improperly admitted. The court ruled that this was harmless error because other proper evidence had been admitted showing defendant's physical description at the time of the crime.
In the present case, we follow the same reasoning as the Davis case. It was improper for Detective Keene to authenticate the time sheets because he could not, from personal knowledge of the recordkeeping system, testify that the records were kept in the regular course of business. However, Detective Keene's testimony was harmless error. Even if testimony is improperly admitted, if the remaining proper evidence, standing alone, comprises overwhelming proof of defendant's guilt, the appellate court should uphold the trial court's decision. State v. Williams (1983), 6 Ohio St.3d 281, 290, certiorari denied (1983),464 U.S. 1020, 104 S.Ct. 554.
The main issue is whether appellant was at work during the time of the robbery. The fact that appellant was not at work at the time of the robbery was shown during the trial through other, proper evidence. The time sheets themselves were later admitted as evidence without an objection from appellant's counsel. Appellant himself testified at trial that he was not at work at the time of the robbery. There is no basis to conclude that appellant was prejudiced because of Detective Keene's testimony. Appellant's second assignment of error is overruled.
In conclusion, this court finds each of appellant's assignments of error to be without merit, and the trial court's judgment is affirmed.
WALSH, P.J., and POWELL, J. concur.
[1] Although the assignment of error refers to "plain error," the record indicates that there was a timely objection to Detective Keene's testimony.