[Cite as *State v. Davis*, 2023-Ohio-867.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Consolidated Case |
| | : | Nos. 21CA6, 21CA7, |
| Plaintiff-Appellee, | : | 21CA8, 21CA9 |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ANTHONY G. DAVIS, | : | |
| | : | |
| Defendant-Appellant. | : | |

APPEARANCES:

Donald K. Pond, Akron, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

Smith, P.J.

{¶1} In this consolidated appeal, Anthony G. Davis appeals the July 27, 2021 and September 17, 2021 entries of the Meigs County Court of Common Pleas.[1] In 2020, the Meigs County Grand Jury returned four separate indictments against Davis. In 2021, Davis pled guilty to multiple counts. This appeal concerns Davis's plea to the sole count of failure to comply, R.C. 2921.331(B)(C)(5), contained in the fourth indictment in Meigs County Case No. 20-CR-152.

---

[1]Davis references the September entry as dated "September 19, 2021," which we consider to be a scrivener's error.

{¶2} On appeal, Davis asserts his counsel rendered ineffective assistance by failing to file a motion on Davis's behalf to dismiss the failure to comply count on speedy trial grounds. For the reasons which follow, we find no merit to Davis's arguments. Accordingly, we overrule the sole assignment of error and affirm Davis's conviction and the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶3} On July 14, 2020, Davis was indicted by the Meigs County Grand Jury on nine counts which included seven counts of receiving stolen property, one count of theft, and one count of misuse of credit cards. All counts were alleged to have occurred on June 22, 2020. This nine-count indictment was assigned Meigs County Common Pleas Court Case Number 20-CR-014. For simplification, we will refer to this indictment as "Case One." Case One involved several victims including Levi Schwartz, Henry Doerfer, and Leading Creek Water.

{¶4} Also on July 14, 2020, Davis was indicted on two counts of receiving stolen property alleged to have occurred on or about January 23, 2020. This case was assigned Meigs County Common Pleas Court Case Number 20-CR-076, "Case Two." This case involved alleged victims Daniel Storms and Aiden Tackett. Davis was not arraigned on these cases until October 22, 2020, after his arrest on the warrants issued in Cases One and Two. In each case, Davis's bond was set at $50,000.00 cash or surety, with 10% permitted. Davis remained incarcerated.

{¶5} Davis was subsequently indicted on November 10, 2020, on one count of failure to comply with the order or signal of a police officer. The alleged date of this occurrence was September 9, 2020. This matter was assigned Meigs County Common Pleas Court Case Number 20-CR-151, "Case Three."

{¶6} Subject of this appeal, Davis was also indicted on November 10, 2020, for failure to comply with order or signal of a police officer, causing a substantial risk of serious harm to persons or property, in violation of R.C. 2921.331(B)&(C)(5). The alleged violation date was October 10, 2020. This case was assigned Meigs County Common Pleas Court Case Number 20-CR-152, "Case Four."

{¶7} On November 12, 2020, Davis appeared via Zoom from the Middleport Jail and verbalized his desire to be arraigned in person so arraignment was continued to November 18, 2020. At arraignment, Davis's bond in Cases Three and Four was set at $50,000.00, with 10% permitted. Davis remained in jail. At this time, all four cases advanced together through the remainder of the proceedings.

{¶8} On November 20, 2020, Davis's attorney entered a notice of appearance and filed a demand for discovery and request for bill of particulars on Davis's behalf. On November 24, 2020, the State of Ohio filed its response to discovery. A jury trial was scheduled for January 11, 2021. On December 30,

2020, the court journalized an entry which indicated "Speedy trial is tolled during the period of this continuance. Reason: Jury trial continued by court due to COVID issues." Davis's trial was continued to February 22, 2021.

{¶9} A status hearing was conducted on February 3, 2021. On that date, Davis's attorney filed a motion to reduce bond. In a February 9, 2021 entry, the court vacated the jury trial date due to pending motions and noted that speedy trial was tolled. The motion to reduce bond was heard and denied on February 22, 2021.

{¶10} Davis's trial was then scheduled for March 22, 2021. On March 18, 2021, Davis filed a motion to continue the trial date. On March 23, 2021, the court's entry continued the trial to May 3, 2021. The trial court's notes indicate that at an April 26, 2021 motions hearing, defense counsel requested separate trial dates for the four cases, which the trial court granted. An April 27, 2021 entry also continued the jury trial to July 15, 2021, due to the defendant's motion for continuance.

{¶11} On June 22, 2021, Davis entered a guilty plea to various counts contained in all four indictments pursuant to a plea agreement with the State of Ohio. To summarize, in Case One he pled guilty to one count of theft; Case Two, one count of receiving stolen property; and in Cases Three and Four he pled guilty to both counts of failure to comply. In exchange, the State of Ohio agreed to

dismiss all remaining counts and recommend consecutive sentences on the counts

for a sentence of 60 months total in prison. The State also agreed to recognizance

bonds for seven days in order for Davis to get his affairs in order, with a date for

return and sentencing set as June 29, 2021. It was also agreed that sentencing on

the count of failure to comply in Case Three was held in abeyance and would

actually be dismissed if Davis returned to the jail as ordered.

{¶12} Unfortunately, Davis failed to report to the jail on June 29th. A

warrant for his arrest was issued. Davis was thereafter brought before the court on

July 26, 2021 and sentenced to an aggregate prison term of seven years on Cases

Two, Three, and Four. The State indicated it intended to proceed on the remaining

counts alleged in Case One. Sentencing was continued to September 13, 2021.

{¶13} However, on September 13, 2021 (journalized September 17, 2021),

the state declined to proceed on the remaining counts. The trial court sentenced

Davis on Case One to 12 months in prison, consecutive to the prison terms

imposed in the other three cases, for an aggregate prison sentence of eight years.

{¶14} On October 13, 2021, Davis filed a motion for a delayed appeal in

Case Four. This court granted Davis's motion on November 8, 2021, observing

that the notices of appeal in Cases One, Two, and Three were not timely filed and

agreeing with Davis's assertion that for judicial economy, it had been necessary to

complete all four cases before filing notices of appeal.  This court also, sua sponte,

consolidated all four cases on appeal.[2]

## ASSIGNMENT OF ERROR

I.      APPELLANT SUFFERED A DEPRIVATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. PRIOR TO APPELLANT'S GUILTY PLEA, DEFENSE COUNSEL FAILED TO MOVE THE TRIAL COURT FOR A

---

[2]The criminal docketing statement and notice of appeal in Case Four indicate that Davis is appealing the July 27, 2021 judgment entry of the trial court.  Davis attaches the July 27, 2021 entry but does not attach the September 17, 2021 entry.  Given that the parties intended to resolve all four cases simultaneously, the July 27, 2021 judgment entry may be viewed as an interlocutory order.  An interlocutory order is "[a]n order that relates to some intermediate matter in the case; any order other than a final order." Black's Law Dictionary (10th Ed.2014).  *See State v. Rohrer,* 2015-Ohio-5333, 54 N.E.3d 654, at ¶ 15 (4th Dist.).  Interlocutory orders merge into final orders. *Id*. (Internal citations omitted.) On July 27, 2021, it does not appear that Davis's cases were entirely resolved. But the July 27, 2021 judgment entry merged into the final September 17, 2021 judgment entry.

Ohio App.R. 3(A) provides, "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." *See Transamerica Ins. Co. V. Nolan,* 72 Ohio St. 3d 320, 649 N.E.2d 1229, at 1231. Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal.  *Id*.  When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion.  *See State v. Gray,* 4th Dist. Meigs No. 99CA07, 2000WL 502821 (Apr. 21, 2000), Fn 1 (Where the State did not object to the appeal on jurisdictional grounds, State was not prejudiced by its lack of notice regarding Gray's intent to appeal a related judgment entry, and the basis of the appeal was identical for both charges in separate judgment entries, it would be unjust not to consider the related judgment entry).

In granting the motion for delayed appeal, this court deemed submitted the notices of appeal filed in all four cases on October 13, 2021.  We also consolidated the cases for purposes of the appeal.  The September judgment entry was attached to the notice of appeal in Case One.  Although the notice of appeal in Case Four did not contain the September judgment entry, it cannot be said that the State was prejudiced by any lack of notice of the entry.  In the interests of justice, despite the defect in Davis's notice of appeal, we will consider his assignment of error.

## DISMISSAL OF THE CASE PURSUANT TO A STATUTORY SPEEDY TRIAL VIOLATION.

### A. STANDARD OF REVIEW

{¶15} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To establish deficient performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. *See State v. Dixon,* 4th Dist. Hocking No. 21CA8, 2022-Ohio-2807, at ¶ 14; *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.

{¶16} "When a court examines whether counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Dixon, supra*, at ¶ 15, quoting, *Strickland* at 689, 466 U.S. 668, 104 S.Ct. 2052. Moreover, because a properly licensed attorney is presumed to execute all duties ethically and competently, *State v. Taylor,* 4th Dist. Washington No. 07CA11,

2008-Ohio-482, ¶ 10, to establish ineffectiveness a defendant must demonstrate that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland* at 687, 466 U.S. 668, 104 S.Ct. 2052.

{¶17} Generally, when considering an ineffective assistance claim, a defendant must overcome a presumption that counsel's challenged action might be considered sound trial strategy. *See Dixon, supra,* at ¶ 18; *State v. Hankison,* 4th Dist. Scioto No. 09CA3326, 2010-Ohio-4617, at ¶ 105. Judicial scrutiny of a lawyer's performance is highly deferential. *See Dixon, supra*; *State v. Sallie,* 81 Ohio St.3d 673, 693 N.E.2d 267; *State v. Newton,* 2017-Ohio-7068, 95 N.E.3d 789 (8th Dist.).

{¶18} A court need not analyze both *Strickland* test prongs, deficient performance and prejudice to the defendant resulting in an unfair trial, if it can resolve the claim under one prong. *See State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); *State v. Bowling,* 4th Dist. Jackson No. 19CA2, 2020-Ohio-813, ¶ 12-13.

## B. LEGAL ANALYSIS

{¶19} Under the sole assignment of error, Davis argues his counsel rendered ineffective assistance by failing to move the court for a dismissal of Meigs County Case Number 20-CR-152, Case Four, based upon statutory speedy trial grounds.

Furthermore, Davis points out his counsel advised him to enter a guilty plea. These issues are interrelated because a guilty plea waives a defendant's right to challenge R.C. 2945.71 statutory speedy trial claims. *See Dixon,* supra*,* at ¶ 17; *State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus.

{¶20} The Sixth Amendment to the United States Constitution (which is made applicable to the states through the Due Process Clause of the Fourteenth Amendment) and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial; this guarantee is implemented by R.C. 2945.71, which provides specific statutory time limits within which a person must be brought to trial. *See State v. Smith,* 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, at ¶ 20; *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10. Statutory and constitutional rights are separate and distinct from one another. *See State v. Belville,* 4th Dist. Lawrence No. 19CA27, 2021-Ohio-820, at ¶ 9; *State v. Hilyard,* 4th Dist. Vinton No. 05CA98, 2005-Ohio-4957, at ¶ 7. Here, Davis's argument is directed towards only a statutory speedy trial violation and does not contend that his constitutional right to a speedy trial was violated.

{¶21} R.C. 2945.71(C)(2) "requires that a person against whom a felony charge is pending shall be brought to trial within 270 days after the person's

arrest." *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 81. "For purposes of calculating speedy-trial time, 'each day during which the accused is held in lieu of bail on the pending charge shall be counted as three days.' " *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 15, quoting R.C. 2945.71(E). "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." *Id.* When Davis was indicted in Meigs County Case Number 20-CR-152, Case Four, he was incarcerated. He remained incarcerated until he entered a plea in Case Four on June 22, 2021. During that time, 224 days elapsed.

{¶22} Davis asserts that the State of Ohio had 90 days to try Case Four. Davis acknowledges that at the time he was indicted in Cases Three and Four on November 10, 2020, he was already being held in jail on Cases One and Two. Because Davis remained in jail through resolution of all four separate criminal cases and entered a guilty plea on June 22, 2021, he argues that the indictments in Cases One, Two, Three, and Four all share a "common litigation history," thus entitling him to the benefit of the "triple-count provision" of R.C. 2945.71(E). Davis directs us to *State v. Midgett,* 5th Dist. Richland No. 2020CA0058, 2021-Ohio-2317, wherein the appellate court reversed Midgett's convictions based on a finding that because Midgett's cases shared a common litigation history, the trial

court erred in denying Midgett's motion to dismiss for violating his right to a speedy trial. However, we do not find *Midgett* analogous to the case at bar.

{¶23} Midgett was the target of an investigation by the METRICH Enforcement Unit, a law enforcement drug task force based in Richland County. METRICH conducted a controlled buy from Midgett on June 19, 2019. Further controlled buys were conducted at the same residence where Midgett initially sold drugs to an agent. On June 26, 2019, a search warrant was executed for the residence. Midgett was present at the time and was arrested. Three complaints were filed in the Mansfield Municipal Court alleging drug trafficking on June 19, 2019 and on June 26, 2019. The municipal court created two cases from these complaints.

{¶24} Later, the matter was bound over to the common pleas court where the grand jury returned a single ten-count indictment. Counts one through six pertained to the events surrounding execution of the search warrant on June 26, 2019. Counts seven through ten related to the controlled buy on June 19. Midgett later filed a motion to dismiss based on speedy trial violations and arguing that he was entitled to the three-for-one credit set forth in R.C. 2945.71(E). The trial court denied this motion.

{¶25} On appeal, the 5th District found Midgett's case was akin to *State v. Parker,* 113 Ohio St. 3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. In

*Parker,* the defendant was arrested and charged with two felony drug charges and a misdemeanor charge for carrying a concealed weapon, and the municipal court set bond on all three charges. *Parker* at ¶ 2-3. The felonies were bound over to the common pleas court where the defendant's bond was modified to a personal recognizance bond. *Id*. at ¶ 4. However, Parker remained jailed on the misdemeanor charge, which required bail in the form of cash or a surety bond. *Id*. The Court held that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2745.71(E)." *Id*. at paragraph one of the syllabus. Consequently, the triple-count provision applied in Parker's case. Similarly, the *Midgett* court found: "Here multiple charges stemmed from one investigation of one residence, which produced multiple related charges which shared a common litigation history. We find therefore, that Appellant was held in jail in lieu of bail 'on the pending charge' pursuant to R.C. 2945.71(E)." *Id*. at ¶ 51. As indicated, Midgett's convictions were reversed.

{¶26} Here, Davis argues that, as in *Midgett,* it became clear that multiple related charges stemmed from one investigation. In support, Davis cites to the transcript of his suppression hearing in Case One which occurred on January 13,

2021. During that hearing, Deputy Garrett Hill of the Meigs County Sheriff's Department testified that "Anthony Davis was a suspect in several theft [sic] and stolen property cases in Meigs County." According to Davis, Deputy Hill's testimony, as in *Midgett,* demonstrates that the cases against Davis shared a thread of "continuous investigation."

{¶27} We disagree. The multiple indictments in Cases One, Two, Three, and Four clearly do not originate from one criminal incident. The allegations contained in Case One occurred on June 22, 2020. These allegations involved three victims. The allegations of Case Two occurred on January 23, 2020. These involved two additional new victims. The allegation contained in Case Three was that Davis failed to comply with the order or signal of a police officer on September 9, 2020. The same allegation in Case Four occurred on October 10, 2020. These were all separate criminal incidents occurring on different dates and involving different victims. Deputy Hill's loose characterization that Davis was a suspect in several cases does not demonstrate a continuous investigation of one criminal incident.

{¶28} Davis also asserts the cases share a "common litigation history" because once he was arraigned on the indictments in Cases One through Four, the cases were scheduled at the same dates and times for hearings, motions, and journal entries. We disagree. This Court considered the issue of whether or not

cases share a common litigation history in *State v. Sydnor,* 4th Dist. Scioto No.

10CA3359, 2011-Ohio-3922.

{¶29} On October 19, 2006, Portsmouth police were informed that

individuals were selling drugs at the informant's house. On that date, police

arrested Sydnor after 2.8 grams of crack cocaine was found on his person. On

October 23, 2006, Sydnor was indicted on six felony counts which included

possession, trafficking, weapon under disability, and possession of criminal tools.

Sydnor was arraigned, posted bond, and failed to appear at a pretrial hearing. We

considered this "Case One."

{¶30} On December 21, 2006, Sydnor was also indicted for events which

occurred on or about December 5, 2006. The felonies in this indictment were

possession, trafficking, criminal tools, and escape, "Case Two." Sydnor was re-

arrested on the outstanding bench warrant on September 15, 2009. From this date

forward, the trial court conducted pre-trial hearings together for both cases. Prior

to his trial on Case One, Sydnor moved to dismiss the case on speedy trial grounds.

The trial court denied his motion.

{¶31} On appeal, Sydnor argued that Cases One and Two shared a common

litigation history and the triple-court provision should have applied. We noted:

> The triple-count provision applies "only to those defendants held
> in jail in lieu of bail solely on the pending charge." *State v.*
> *MacDonald*, 48 Ohio St.2d 66, (1976), at paragraph one of the

syllabus (emphasis added). Thus, when a defendant awaits trial on separate unrelated cases, the triple-count provision does not apply. *State v. Ladd*, 56 Ohio St.2d 197, 203 (1978); *State v. Kaiser,* 56 Ohio St.2d 29, 34 (1978); *State v. Dankworth,* 172 Ohio App.3d 159, 2007-Ohio-2588, at ¶ 35; *State v. Johnson*, 8th Dist. Cuyahoga Nos. 81692 & 81693, 2003-Ohio-3241, at ¶ 14; *State v. Allen* (Oct. 6, 1997), Fayette App. No. CA97-02-004.

*Sydnor* at ¶ 19.

{¶32} Sydnor also cited *State v. Parker*, *supra*, based on the premise that Cases One and Two shared a common litigation history, and, therefore, under *Parker,* the triple-count provision should apply. Sydnor noted that all the pretrial hearings were conducted together. Sydnor contended that "the behavior of all parties involved shows that they proceeded and acted as if there was only one case going to trial." Appellant's brief at 14. Sydnor claimed that it was unclear whether the April 26, 2010 amendment of the indictment for Case One actually merged with the indictment for Case Two. And Sydnor asserted that trial was set for Case Two on April 26, 2010, but "the State did not even bother to present evidence of the events which gave rise to [Case Two]." *Id*. Therefore, according to Sydnor, the triple-count provision should apply because Case One and Case Two shared a common litigation history.

{¶33} We found *Parker* to be inapposite. Notably, Parker was held in jail because he faced charges in two jurisdictions (i.e., the Court of Common

Pleas and Municipal Court) arising from one incident.  By contrast, Sydnor's charges related to different criminal incidents. We found nothing in the record demonstrating that the charges in Case One, which occurred in October 2006, were related to the charges in Case Two, which occurred on or about December 5, 2006. *Thus, the fact that the cases appear to have shared a "common litigation history," through common pretrial hearings, did not mean that Parker applied.*  (Emphasis added.)  We found:

> Here, the state has shown that the triple-count provision does not apply. Sydnor was held in jail with two cases pending. Case I relates to the events from October 2006. And Case II relates to events that occurred on or about December 5, 2006. Thus, Sydnor was held on two different cases relating to the events of different dates. Additionally, the court never consolidated the separate indictments for Case I and Case II. Therefore, the triple-count provision does not apply.

*Sydnor* at ¶20.

{¶34} In our view, the common litigation history created in Davis's four cases most likely resulted from the interests of expediency and judicial economy, not because it can be seriously construed that his cases arose from a continuous investigation of one criminal incident.  *See State v. Kelly*, 12th Dist. Warren No. CA2002-04-041, 2002-Ohio-5887, at ¶ 13.

{¶35} The 6th District recently cited *Sydnor* in its decision in *State v. Wright,* 6th Dist. Lucas No. L-20-1206, 2022-Ohio-1537.  There, Wright

argued that the triple-count provision should apply in this case because the state arraigned him on both an indictment containing aggravated murder, murder, aggravated robbery, and aggravated burglary charges, and a separate indictment containing firearms charges on the same day, the cases proceeded together through litigation, and the trial court sentenced him as to both sets of charges on the same day. The *Wright* court noted that while it was true that the two cases shared a common litigation history, there was nothing in the record to demonstrate that the charges which arose from the shooting at a private residence on July 6, 2019 were in any way related to the firearm charges that arose from law enforcement's discovery of a loaded firearm that Wright was carrying in his vehicle at the time of a traffic stop on April 22, 2019. *Wright* held:

> Notwithstanding the purported shared litigation history of appellant's two cases, the triple count provision does not apply here because the cases relate to different criminal incidents. *Sydnor* at ¶ 23. As stated succinctly by the court in *Sydnor*, "This is not a situation where multiple charges arise from a single criminal incident and share a common litigation history. Therefore, the triple-count provision does not apply." *Id*. at ¶ 26.

*Wright, supra*, at ¶ 87. *See also State v. North,* 2017-Ohio-492, 85 N.E.3d 112 (12th Dist.), (Appellant's use of a wheelchair to commit a theft from the Fairfield Walmart was unrelated to traffic stop which gave rise to possession of cocaine, possession of marijuana, and obstructing official business

charges because the two sets of offenses were committed at separate times in different jurisdictions); *State v. Johnson,* 2d Dist. Montgomery No. 26032, 2014-Ohio-4506 (Record did not reflect that the two cases at issue arose from the same criminal incident or shared a common litigation history where first case involved a charge of carrying a concealed weapon and involved conduct allegedly occurring on October 1, 2012 and second case involved felonious assault charges and involved conduct allegedly occurring on March 30, 2013).

{¶36} We do not find Davis was entitled to triple credit for his days in custody in Case Four. The multiple indictments in the multiple cases do not originate from one criminal incident and any common litigation history likely occurred in the interest of judicial economy. In fact, Davis requested separate trial dates, ostensibly to avoid giving the jury any appearance of a pattern of conduct which might prejudice him. We find the state had 270 days, not 90 days, to prosecute Davis's case.

{¶37} Davis was incarcerated when he was indicted in Case Four on November 10, 2020 and remained incarcerated through his plea hearing which occurred on June 22, 2021. During that time, 224 days elapsed, well

within the 270 days which the State of Ohio had to prosecute his case.[3]

Hence, we conclude that no violation of appellant's speedy trial rights

occurred.

{¶38} We also conclude that Davis's attorney did not render

ineffective assistance of counsel.  An attorney's failure to file a futile or

frivolous motion " ' "cannot be the basis for claims of ineffective assistance

of counsel and is not prejudicial." ' " *State v. Whitehead,* 4th Dist. Scioto

No.20CA3931, 2022-Ohio-479, at ¶ 27, quoting *State v. Waters,* 4th Dist.

Vinton No. 13CA693, 2014-Ohio-3109, ¶ 12, quoting *State v. Witherspoon,*

8th Dist. Cuyahoga No. 94475, 2011-Ohio-704, ¶ 33.  Had Davis's attorney

filed a motion to dismiss based on speedy trial grounds it would not have

been successful, but rather wholly without merit.  Consequently, trial

counsel did not provide ineffective assistance of counsel for the failure to

file a motion to dismiss on speedy trial grounds when the motion would not

have had any reasonable probability of success.  *See Whitehead, supra,* at ¶

38.

{¶39} For the foregoing reasons, we overrule Davis's sole assignment

of error and affirm his conviction and the judgment of the trial court.

---

[3]Furthermore, we need not calculate the number of days tolled due to discovery filings, defense motions, or the trial court's orders with regard to the Covid-19 pandemic.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and Appellee shall recover any costs from Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**