[Cite as *State v. Wyant*, 2026-Ohio-102.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY


STATE OF OHIO,                    :

    Plaintiff-Appellee,          :      Case No.   25CA6
                             25CA7
    v.                            :

STEVEN D. WYANT,                  :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.[1]

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Lawrence County Assistant Prosecuting
Attorney, Ironton, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:1-5-26
ABELE, J.

{¶1} This is an appeal from a Lawrence County Common Pleas
Court judgment of conviction and sentence.  The trial court
found Steven D. Wyant, defendant below and appellant herein,
guilty of (1) aggravated possession of drugs, in violation of
R.C. 2925.11(A), (2) tampering with evidence, in violation of
R.C. 2921.12(A)(1), and (3) vandalism, in violation of R.C.
2909.05(B)(2).  The court sentenced him to serve a total of 59

---

[1] Different counsel represented appellant during the trial court
proceedings.

months in prison.

{¶2} Appellant assigns the following error for review:

> "MR. WYANT'S SPEEDY TRIAL RIGHTS WERE
> VIOLATED UNDER R.C. 2945.71 AND THE TRIAL
> COURT ERRED BY DENYING HIS MOTION TO
> DISMISS."

{¶3} This case arises out of two criminal indictments that the State filed against appellant. In the first case, on January 26, 2024, a Lawrence County Grand Jury returned an indictment that charged appellant with (1) aggravated possession of drugs, in violation of R.C. 2925.11(A), and (2) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2). In the second case, on July 29, 2024, a Lawrence County Grand Jury returned an indictment that charged appellant with (1) tampering with evidence, in violation of R.C. 2921.12(A)(1), and (2) vandalism, in violation of R.C. 2909.05(B)(2).

{¶4} On February 4, 2025, appellant filed, in each case, a "motion to calculate time." Appellant asserted that the State failed to bring him to trial within the statutory speedy-trial limit and that this failure required the court to dismiss the indictments.

{¶5} On February 5, 2025, the trial court held a hearing to consider appellant's motion. Appellant's counsel indicated that he would "defer to [his] client" who has "done this backwards and forwards" and "believes that the State has not brought him

to trial within time." Appellant then explained that he had been incarcerated for 115 days and that the triple-count provision established that the State had not brought him to trial within the statutory time limit.

{¶6} The trial court, however, advised appellant that the triple-count provision did not apply because he was being held on multiple charges under different indictments. Appellant insisted that he did not think that the second case counted separately. The trial court did not agree and pointed out that, after the first indictment, appellant committed new offenses. The court thus overruled appellant's motion.

{¶7} Appellant subsequently agreed to enter no-contest pleas to aggravated possession of drugs, tampering with evidence, and vandalism. The State dismissed the aggravated-trafficking charge.

{¶8} On February 14, 2025, the trial court sentenced appellant to serve 24 months in prison for aggravated possession of drugs, 24 months in prison for tampering with evidence, and 11 months in prison for vandalism. The court ordered appellant to serve the sentences consecutively to one another for a total of 59 months in prison. This appeal followed.

{¶9} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss. Appellant contends that the trial court incorrectly determined

that the triple-count provision did not apply.  Appellant argues that the two cases "were related, shared a common litigation history, and were joined together for purposes of trial," and claims that the two cases are treated as the same pending charge for purposes of the triple-count provision.

{¶10} Appellant states that he "was held in jail for 135 days awaiting trial on both cases."  He thus contends that, under the triple-count provision, the State should have brought him to trial within 90 days.  Appellant argues that its failure to do so establishes that the trial court should have dismissed the two indictments.

{¶11} The State, on the other hand, contends that the second indictment was based upon new offenses that occurred after it had filed the first indictment.  The State asserts that the cases involved "two separate matters, stemming from two separate dates and unrelated charges."  The State thus contends that the triple-count provision did not apply.

A

{¶12} "Review of a speedy-trial claim involves a mixed question of law and fact.  Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15; *accord State v. Smith*, 2023-Ohio-1504, ¶ 13 (4th Dist.).

B

{¶13} Criminal defendants are guaranteed the right to a speedy trial under the Ohio and United States Constitutions. Sixth Amendment to the U.S. Constitution (an "accused shall enjoy the right to a speedy and public trial"); Ohio Constitution, Article I, Section 10 (an accused has the right to "a speedy public trial by an impartial jury"). The speedy-trial guarantee "minimize[s] the possibility of lengthy incarceration prior to trial," "reduce[s] the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail," and "shorten[s] the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982); *accord State v. Triplett*, 78 Ohio St.3d 566, 568 (1997).

{¶14} Ohio's speedy-trial provisions, R.C. 2945.71 to 2945.73, "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor." *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus; *accord State v. Martin*, 2019-Ohio-2010, ¶ 15; *see Barker v. Wingo*, 407 U.S. 514, 523 (1972) (states "are free to prescribe a reasonable period consistent with constitutional standards"). To that end, R.C. 2945.71 designates specific time requirements for the State to try an accused. *State v. Hughes*, 86 Ohio St.3d 424, 425

(1999).

{¶15} In general, courts must "strictly construe the speedy trial statutes against the [S]tate," *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996), and must "strictly enforce the legislative mandates evident in these statutes." *Pachay*, 64 Ohio St.2d at 221; *e.g., State v. Parker*, 2007-Ohio-1534, ¶ 15. Consequently, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute." *Ramey* at ¶ 14. If an accused is not brought to trial within the time limits set forth in the speedy-trial statutes, and if an exception does not apply, R.C. 2945.73(B) requires the court, upon motion at or before trial, to discharge the accused.

{¶16} As relevant in the case at bar, R.C. 2945.71(C)(2) requires a person accused of a felony to be brought to trial within 270 days of the individual's arrest. "When computing how much time has run against [the State] under R.C. 2945.71, we begin with the day after the date [the defendant] was arrested." *State v. Davis*, 2013-Ohio-5311, ¶ 21 (4th Dist.), citing R.C. 1.14 and Crim.R. 45(A). Also, when calculating speedy-trial time, courts ordinarily count "'each day during which the accused is held in jail in lieu of bail on the pending charge . . . as three days.'" *State v. Ramey*, 2012-Ohio-2904, ¶ 15, quoting R.C. 2945.71(E).

{¶17} The triple-count provision, however, applies "only to those defendants held in jail in lieu of bail solely on the pending charge." *State v. Kaiser*, 56 Ohio St.2d 29 (1978), paragraph two of the syllabus. Thus, a defendant facing more than one "pending charge" is not entitled to the triple-count provision. *See State v. Parker*, 2007-Ohio-1534, ¶ 10, citing *State v. MacDonald*, 48 Ohio St.2d 66 (1976), syllabus; *State v. Baker*, 78 Ohio St.3d 108 (1997), syllabus. Accordingly, a defendant is not entitled to the triple-count provision if the State issues a subsequent indictment that contains additional criminal charges that "arise from facts different from the original charges" or from facts that the State did not know at the time of the initial indictment. *See Baker* at syllabus. In this situation, the defendant is not being held in jail solely on the pending charge. On the other hand, "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision . . . ." *State v. Parker*, 2007-Ohio-1534, ¶ 21.

{¶18} In the case at bar, appellant was not held in jail solely on a pending charge. Instead, after the initial indictment the State issued a subsequent indictment that contained additional criminal charges that arose from different

facts than those alleged in the initial indictment, and the State did not know of those facts at the time of the initial indictment. Appellant's situation thus falls squarely within the *Baker* rule. Appellant was not, therefore, entitled to the triple-count provision.

**{¶19}** Appellant nevertheless argues that the *Parker* rule applies because the indictments are "related" and share a common litigation history. Appellant claims that the indictments are related because the second indictment resulted from his conduct in tampering with the GPS monitor that the court had ordered him to wear as a condition of being released on bond under the first indictment. *Parker* does not, however, state that the triple-count provision applies when a defendant is held in jail on "related" indictments. Instead, it applies when a defendant is held in jail on multiple charges that arise from "a criminal incident." *Parker*, 2007-Ohio-1534, at ¶ 21.

**{¶20}** Consequently, appellant's two indictments in the case sub judice did not arise from "a criminal incident." Rather, they arose from two different criminal incidents. The first indictment, issued in January 2024, charged appellant with drug offenses that allegedly occurred in August 2023. The second indictment, issued in July 2024, charged appellant with tampering with evidence and vandalism. The second indictment alleged that the offenses occurred on June 26, 2024, after

appellant had been arraigned on the first indictment.  Thus, the indictments did not arise from "a criminal incident" but from multiple criminal incidents.  Consequently, appellant's assertion that the triple-count provision applied is without merit.  *See State v. Davis*, 2023-Ohio-867, ¶ 36 (4th Dist.) (concluding that the defendant was not entitled to the triple-count provision when multiple indictments did "not originate from one criminal incident and any common litigation history likely occurred in the interest of judicial economy").  We therefore do not agree with appellant that the State violated his right to a speedy trial for failing to bring him to trial within 90 days.

**{¶21}** Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.