[Cite as *State v. Boyd*, 2024-Ohio-1517.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos.  23CA4 |
| | | 23CA5 |
| Plaintiff-Appellee, | : | |
| | | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | | |
| Charles W. Boyd, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED 4/18/2024** |

_____

APPEARANCES:

Richard D. Hixson, Zanesville, Ohio, for appellant.

Randy Dupree, Prosecuting Attorney, and Colleen S. Williams, Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.
_____

Hess, J.

{¶1}   In this consolidated appeal, Charles W. Boyd appeals from judgments of the Jackson County Court of Common Pleas in two cases convicting him, following guilty pleas, of two counts of failure to comply with an order or signal of a police officer and one count of receiving stolen property.  Boyd presents two assignments of error asserting that (1) he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to file a motion to dismiss on speedy trial grounds, and (2) the trial court's findings regarding consecutive sentences pursuant to R.C. 2929.14(C)(4) were unsupported by the record.  For the reasons which follow, we overrule the assignments of error and affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}   On December 23, 2020, Boyd was indicted in Case No. 20CR0081 on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony because his operation of a motor vehicle allegedly caused a substantial risk of serious physical harm to persons or property, and one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony because the property involved was a motor vehicle.  The indictment alleged the offenses occurred on or about February 14, 2020.  The clerk issued a summons on indictment directing the county sheriff to summon Boyd to appear before the court.  On December 29, 2020, a sheriff's return was filed indicating Boyd could not be served because he was in prison.  On January 20, 2021, the summons was served via certified mail sent to Boyd at the Lorain Correctional Institution, and on January 25, 2021, the return receipt was filed.

{¶3}   On March 1, 2021, Boyd was indicted in Case No. 21CR0032 on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony because his operation of a motor vehicle allegedly caused a substantial risk of serious physical harm to persons or property.  The indictment alleged that the offense occurred on or about December 3, 2020.  The day the indictment was filed, the clerk issued a warrant to arrest on indictment ordering the sheriff to arrest Boyd and bring him before the court.

{¶4}   The arraignment hearing in 20CR0081 was scheduled for March 11, 2021, but was rescheduled for an unknown reason.  The arraignment hearing in both cases occurred on June 17, 2021. Boyd told the court he was getting out of prison on "July 10th."

He pled not guilty in Case Nos. 20CR0081 and 21CR0032, and the trial court set bond. The court scheduled both cases for a pre-trial hearing on July 23, 2021, for a final pre-trial hearing on September 16, 2021, and for trial on September 27, 2021.

{¶5}    On July 8, 2021, a sheriff's return on the warrant to arrest on indictment in Case No. 21CR0032 was filed, which stated that on July 7, 2021, Boyd was "incarcerated at JCCF."   At the July 23, 2021 pre-trial hearing, the state noted that the defense requested discovery on July 20, 2021.  On July 25, 2021, bond was posted.  On July 28, 2021, the state filed discovery request responses in both cases.  On September 13, 2021, defense counsel filed a motion to continue the trial in both cases.  On September 30, 2021, the assignment commissioner issued notices stating the final pre-trial hearing in both cases would be November 12, 2021, the trial in Case No. 20CR0081 would be November 15, 2021, and the trial in Case No. 21CR0032 would be November 29, 2021.

{¶6}    On November 16, 2021, the court issued orders on bond modification in both cases, which pertinent here, state that Boyd was not present at the November 12, 2021 final pre-trial hearing even though he "received proper notice of the proceeding," that "[a]n arrest warrant shall issue for the Defendant," that "[t]ime is tolled due to the Defendant's failure to appear," and that "time is tolled until he is brought before this court." The same day, the clerk issued a capias in both cases.  On December 7, 2021, a sheriff's return on the capias was filed in both cases indicating that Boyd was arrested on December 6, 2021.

{¶7}    On December 21, 2021, the trial court conducted a status conference in both cases.  The court observed that it had found that "time was tolled before [Boyd] was brought before the court and that is today."  On December 23, 2021, the court issued

orders in both cases reinstating Boyd's original bond, which had "previously been posted." Trial in both cases was scheduled for June 13, 2022.

{¶8} On January 12, 2022, the trial court issued orders in both cases stating time was tolled from September 6, 2021, through October 1, 2021, "due to the Jackson County Correctional Facility being on lockdown due to COVID-19." On July 7, 2022, the trial court issued an "order on reset trial date due to other trial going forward" in both cases. The orders state that the cases came before the court "to re-schedule the Jury Trial set for Monday, June 13, 2022," because the cases "cannot proceed to trial due to the fact that the case entitled State of Ohio vs. Phillip Moody case number 21CR0162/21CR0163 is proceeding to trial." The order in Case No. 20CR0081 states that "due to the already scheduled criminal cases on the court's docket the next available date for trial is Monday, October 24, 2022," and "trial shall be conducted on" that date. The order in Case No. 21CR0032 states that "due to the already scheduled criminal cases on the court's docket the next available date for trial is Monday, December 19, 2022," and "trial shall be conducted on" that date.

{¶9} On October 19, 2022, the trial court issued a judgment entry in Case No. 21CR0032 stating that the matter came before the court on the "Motion of the Defendant for a Continuance of the October 24, 2022, trial." The entry states that the motion is "well taken," that the trial will be continued "until a later date determined by the court," and that "time is tolled during this period of continuance." On October 27, 2022, the trial court issued an "order on reset trial date due to other trial going forward" in Case No. 20CR0081. The order states that the matter came before the court "to re-schedule the Jury Trial set for Monday, October 24, 2022," because the case "cannot proceed to trial

due to the fact that the case entitled State of Ohio vs. Christopher Moore, 21CR0074 continued over into the following week." The order states that the trial is continued, that "time is tolled during this period of continuance," and that the matter "shall be reset by separate order."

{¶10} On December 15, 2022, the trial court conducted a change of plea hearing at which Boyd pled guilty in both cases. On December 19, 2022, the trial court issued entries stating that it accepted the pleas and found Boyd guilty as charged. The court scheduled a presentence investigation for both cases.

{¶11} According to the presentence investigation report ("PSI"), Boyd was convicted of over 30 offenses between 1994 and 2018. The PSI also includes portions of reports from law enforcement and statements from Boyd about the offenses in this case. According to a law enforcement report regarding Case No. 20CR0081, Boyd was in possession of a van "confirmed stolen through LEADS." An officer tried to stop the van using his emergency lights, but Boyd drove away. During the resulting pursuit, Boyd ran multiple stop signs and drove at high rates of speed, at one point going over 100 miles hour. He also drove "left of center and in the wrong lane passing cars." The pursuit only ended after Boyd went "over a steep embankment causing the van to nose dive into a muddy ditch," disabling the vehicle. There was a "meth pipe," a "marijuana pipe," digital scales, and "other drug items" in the van. Boyd claimed the van was not stolen but admitted he fled from law enforcement and ate and smoked drugs during the pursuit "to get rid of them" before he got caught.

{¶12} According to law enforcement reports, Case No. 21CR0032 involved another pursuit in which law enforcement sought Boyd because he had outstanding

warrants and "had just cut * * * a catalytic converter off a vehicle." The pursuit lasted about 113 minutes and covered about 57 miles. Boyd drove at high speeds, ran stop signs or red lights, drove left of center multiple times, and drove in the opposite lane of travel several times. At one point, a deputy thought he saw Boyd with a "long gun," and the deputy fired three rounds at Boyd's vehicle. At another point, Boyd drove into a field, a trooper bumped his vehicle to end the pursuit, but Boyd got away. Boyd's vehicle later contacted a different trooper's vehicle. The pursuit ended after Boyd's vehicle got stuck in a ditch. Boyd admitted that he ran from law enforcement for "about an hour and [a] half."

**{¶13}** In Case No. 20CR0081, the court sentenced Boyd to 24 months in prison on the failure to comply count and 12 months in prison on the receiving stolen property count. In Case No. 21CR0032, the court sentenced Boyd to 24 months in prison on the failure to comply count. The court ordered that the sentences be served consecutively, resulting in a five-year aggregate sentence. In both sentencing entries, the court noted that it had considered "any presentence investigation."

## II.  ASSIGNMENTS OF ERROR

**{¶14}** Boyd presents two assignments of error:

I. Appellant was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to file a motion to dismiss on speedy trial grounds.

II. The trial court's findings regarding consecutive sentences, pursuant to R.C. 2929.14(C)(4), were unsupported by the record.

### III.  FIRST ASSIGNMENT OF ERROR

{¶15}  In the first assignment of error, Boyd contends that he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to file a motion to dismiss on speedy trial grounds.

### A.  Positions of the Parties

{¶16}  Boyd asserts that pursuant to R.C. 2945.71(C)(2), the state had to bring him to trial within 270 days of his arrest. Boyd asserts that due to his incarceration in an unrelated matter, speedy trial time began to run in Case No. 20CR0081 when he was served with the summons, which he states was January 25, 2021, when it was actually January 20, 2021.  And he asserts speedy trial time began to run in Case No. 21CR0032 when the arrest warrant was issued, March 1, 2021.  He claims the state had to bring him to trial in Case No. 20CR0081 by October 22, 2021, and in Case No. 21CR0032 by November 26, 2021.  Because the state did not, Boyd claims there was a prima facie speedy trial violation, and the state has "the burden of showing that some exceptions codified in R.C. 2945.72 applied that tolled [his] speedy trial time and extended [his] speedy trial date until at least" December 15, 2022, the day he entered guilty pleas.

{¶17}  Boyd maintains that the "pertinent exception" in this case is in R.C. 2945.72(H), which tolls time during " 'the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.' "  Boyd acknowledges that on September 13, 2021, trial counsel moved for a continuance, which tolled speedy trial time.  He also acknowledges that speedy trial time tolled from November 12, 2021, when he failed to appear for a final pre-trial hearing, until December 21, 2021, "when he was brought before the court."  He

asserts that at that point, the state had to bring him to trial in Case No. 20CR0081 by January 29, 2022, and in Case No. 21CR0032 by March 17, 2022. Boyd asserts that "[n]o continuance was granted prior to these dates," so "speedy trial time in each case expired." Therefore, trial counsel "should have filed a motion to dismiss on speedy trial grounds," and by not doing so, "counsel deficiently performed to the prejudice" of him.

{¶18} The state maintains that speedy trial time had not elapsed at the time Boyd entered his guilty pleas. Relying on *State v. Bauer*, 61 Ohio St.2d 83, 399 N.E.2d 555 (1980), the state asserts that because Boyd failed to appear at the November 12, 2021 pre-trial hearing and November 2021 trials, he waived his right to assert the provisions of R.C. 2945.71 through 2945.73 from his initial arrest to the date he was rearrested "after his missed trial date." The state asserts only 205 speedy trial days elapsed between Boyd's rearrest on December 6, 2021, and the rescheduled trial date of June 13, 2022. And the state claims speedy trial time tolled under R.C. 2945.72(H) from June 13, 2022, until Boyd entered his guilty pleas due to reasonable continuances necessitated by the trial court's overcrowded docket. The state suggests that if we disagree with its waiver argument, "there were additional tolling events prior to the defendant's non-appearance." The state asserts that time tolled while Boyd was in prison and due to his discovery request. The state also asserts Boyd's "failure to appear at the pre-trial and trial should toll the speedy trial time from the time of the trial date for which the defendant did not appear until the date of the new trial."[1]

---

[1] The state does not explicitly characterize this as an alternative argument to its waiver argument. However, the state does not cite any legal authority for the position that failure to appear at a scheduled court appearance not only waives the right to assert the provisions of the speedy trial statutes from the initial arrest date to the date of rearrest but also tolls time until the rescheduled trial date. To support its tolling argument, the state cites only *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, and asserts that it held that "a Motion by the Defendant tolls the entire time from the date of the Motion until the rescheduled trial date under 2945.72."

B. Waiver

**{¶19}** Boyd entered guilty pleas, which are "a complete admission of the defendant's guilt." Crim.R. 11(B)(1). " 'Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea.' " *State v. Spangler,* 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26. A guilty plea waives a defendant's right to raise a R.C. 2945.71 statutory speedy trial claim. *State v. Davis*, 4th Dist. Meigs Nos. 21CA6, 21CA7, 21CA8, 21CA9, 2023-Ohio-867, ¶ 19, citing *State v. Dixon*, 4th Dist. Hocking No. 21CA8, 2022-Ohio-2807, ¶ 17, and *State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus. A guilty plea also waives a claim of ineffective assistance " 'unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea.' " *State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 26, quoting *Grove* at ¶ 26.

**{¶20}** Boyd's ineffective assistance claim focuses on whether an effective lawyer would have moved for dismissal of his cases on speedy trial grounds, not on the validity of his guilty pleas. If the cases had been dismissed on speedy trial grounds, Boyd would not have entered guilty pleas. But " ' "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the necessary connection between ineffective assistance and the plea." ' " *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 45, quoting *State v. Neu*, 4th Dist. Adams No. 12CA942, 2013-Ohio-616, ¶ 16, quoting 25 Ohio Jurisprudence 3d, Criminal Law: Procedure, Section 78. Boyd does not contend that

counsel's ineffective assistance caused his guilty pleas to not be knowing, intelligent, and voluntary. Therefore, we conclude that he has waived his ineffective assistance of counsel claim, and we need not address the merits of it. *See State v. McCann*, 4th Dist. Lawrence No. 10CA12, 2011-Ohio-3339, ¶ 18 (guilty plea waived claim of ineffective assistance based on speedy trial issues, so we would not address the merits of it). *See also State v. Bateman*, 4th Dist. Jackson No. 19CA13, 2021-Ohio-57, ¶ 9 ("A counsel's failure to raise a speedy trial violation does not cause an appellant's waiver of his or her trial rights to be less than knowing and voluntary. Therefore, a guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues." (Citation omitted.)) However, as we explain below, even if Boyd had not waived this claim, he failed in his burden to demonstrate ineffective assistance of counsel.

### C. Speedy Trial Statutes

**{¶21}** "A defendant's right to a speedy trial arises from the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution." *State v. Myers*, 4th Dist. Athens No. 22CA15, 2023-Ohio-3413, ¶ 7. " ' "In Ohio, the right to a speedy trial is implemented by statutes that impose a duty on the state to bring the defendant to trial within a specified time." ' " *State v. Stansberry*, 3d Dist. Union No. 14-22-25, 2023-Ohio-3212, ¶ 11, quoting *State v. Irish*, 2019-Ohio-2765, 140 N.E.3d 209, ¶ 11 (3d Dist.), quoting *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 9. "[S]peedy trial statutes must be strictly construed against the state." *Myers* at ¶ 8, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996). The prosecution and trial courts have a mandatory duty to try an accused within

the statutorily prescribed time frame.  *Id.* at ¶ 7, citing *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977).

**{¶22}** At the time Boyd's cases were pending in the trial court, R.C. 2945.71 through R.C. 2945.73 contained the following provisions pertinent to this appeal.  R.C. 2945.71(C)(2) stated:  "A person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."  1999 S.B. 49.[2]  R.C. 2945.72 provided that "[t]he time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by" the events enumerated in R.C. 2945.72(A) through (I). 1978 H.B. 1168.[3]  These events included "[a]ny period of delay occasioned by the neglect or improper act of the accused," R.C. 2945.72(D), and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," R.C. 2945.75(H).  R.C. 2945.73(B) stated:  "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."  1972 H.B. 511.[4]

---

[2] R.C. 2945.71(C)(2) was amended effective April 4, 2023, and now states, "A person against whom a charge of felony is pending * * * [e]xcept as provided in division (C) of section 2945.73 of the Revised Code, shall be brought to trial within two hundred seventy days after the person's arrest."

[3] R.C. 2945.72 was amended effective April 6, 2023.  The amendments modified language in R.C. 2945.72(A) through (C) and added R.C. 2945.72(J).

[4] R.C. 2945.73 was amended effective April 4, 2023.  R.C. 2945.73(B) now addresses only persons charged with a misdemeanor, and R.C. 2945.73(C) states:

> (1) A person charged with a felony, who is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code, is eligible for release from detention. The court may release the person from any detention in connection with the charges pending trial and may impose any terms or conditions on the release that the court considers appropriate.

> (2) Upon motion made at or before the commencement of trial, but not sooner than fourteen days before the day the person would become eligible for release pursuant to division

{¶23} "When a defendant requests discharge on speedy trial grounds and demonstrates that a trial did not occur within the speedy trial time limits, the defendant has made a prima facie case for discharge." *State v. Howerton*, 2021-Ohio-913, 168 N.E.3d 861, ¶ 12 (4th Dist.). "The prosecution then bears the burden to show that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time to bring the defendant to trial." *Id.* In this case, Boyd's trial counsel did not request his discharge on speedy trial grounds.

### D. Standard of Review

{¶24} "Upon direct appeal, appellate courts generally review claims of ineffective assistance of counsel on a de novo basis, simply because the issue originates at the appellate level; no trial court has ruled on the issue. Appellate courts review the trial record and are left to judge from the bare record whether the assistance was effective." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. To prevail, a defendant must show: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121,

---

(C)(1) of this section, the charges shall be dismissed with prejudice unless the person is brought to trial on those charges within fourteen days after the motion is filed and served on the prosecuting attorney. If no motion is filed, the charges shall be dismissed with prejudice unless the person is brought to trial on those charges within fourteen days after it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired. If it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired, no additional charges arising from the same facts and circumstances as the original charges may be added during the fourteen-day period specified under this division. The fourteen-day period specified under this division may be extended at the request of the accused or on account of the fault or misconduct of the accused.

¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Failure to satisfy either part of the test is fatal to the claim.  *See Strickland* at 697.  The defendant "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent."  *Gondor* at ¶ 62.  "To prove ineffective assistance on the basis of a failure to file a particular motion, a defendant must establish that the motion stood a reasonable probability of success."  *State v. Turner*, 4th Dist. Jackson No. 19CA4, 2019-Ohio-5470, ¶ 25.

E.  Analysis

**{¶25}**  "Generally, the 270-day speedy trial time period clock begins the day after a defendant's arrest."[5]  *State v. Smith*, 2023-Ohio-1504, 218 N.E.3d 176, ¶ 16 (4th Dist.), citing *State v. Davis*, 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 21, citing R.C. 1.14 ("The time within which an act is required by law to be done shall be computed by excluding the first and including the last day * * *") and Crim.R. 45(A) ("In computing any period of time prescribed or allowed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included").  Boyd suggests that we must treat the service of the summons as his initial arrest in Case No. 20CR0081 and the issuance of the arrest warrant as his initial arrest in Case No. 21CR0032.  Even if we agreed with Boyd, as we explain below, speedy trial time did not expire in either case before the November 12, 2021 final pre-trial hearing, and by failing

---

[5] We note that under R.C. 2945.71(E), for purposes of computing this time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  Boyd's brief mentions the triple-count provision, but he does not contend that it applies to him, presumably because the time he was held in jail was on two unrelated cases, and " 'when a defendant awaits trial on separate unrelated cases, the triple-count provision does not apply.' "  *State v. Davis*, 4th Dist. Meigs Nos. 21CA6, 21CA7, 21CA8, 21CA9, 2023-Ohio-867, ¶ 31, quoting *State v. Sydnor*, 4th Dist. Scioto No. 10CA3359, 2011-Ohio-3922, ¶ 19.

to appear at that hearing, Boyd waived speedy trial time from his initial arrest until his rearrest on December 6, 2021.

{¶26} In Case No. 20CR0081, if Boyd was "arrested" the day the summons was served, January 20, 2021, the state had until October 18, 2021,[6] to bring Boyd to trial. In Case No. 21CR0032, if Boyd was "arrested" the day the arrest warrant was issued, March 1, 2021, the state had until November 26, 2021 to bring Boyd to trial. The trial court set both cases for trial on September 27, 2021, i.e., within the speedy trial time limit.

{¶27} On September 13, 2021, Boyd moved to continue the trial date in both cases. The trial in Case No. 20CR0081 was rescheduled for November 15, 2021, and the trial in Case No. 21CR0032 was rescheduled for November 29, 2021. Although the trial court did not issue an entry stating it continued the trials at Boyd's request, the record does not reveal any other reason for the continuances, and Boyd concedes time tolled under R.C. 2945.73(H) due to his continuance requests. Thus, we conclude that time tolled in Case No. 20CR0081 from September 14, 2021, through November 15, 2021, and in Case No. 21CR0032 from September 14, 2021, through November 29, 2021. Consequently, even without any other tolling events, speedy trial time would not have expired at the time Boyd failed to appear at the November 12, 2021 final pre-trial hearing—at most 236 speedy trial days had elapsed in Case No. 20CR0081, and 196 speedy trial days had elapsed in Case No. 21CR0032.

{¶28} Contrary to what Boyd contends, Boyd's failure to appear did not simply toll time from November 12, 2021, until Boyd's next court appearance on December 21, 2021. In *Bauer*, the defendant was notified of the time, place, and date of his trial but failed to

---

[6] 270 calendar days from January 21, 2021 (the day after the "arrest"), would have been October 17, 2021, but because that day was a Sunday, it is not included in the speedy trial calculation. *See* Crim.R. 45(A).

appear. *Bauer*, 61 Ohio St.2d at 83, 399 N.E.2d 555. The trial court forfeited his appearance bond and issued a bench warrant for his arrest. *Id.* The defendant was apprehended, and the trial was rescheduled. *Id.* Defense counsel moved for discharge under R.C. 2945.71 et seq. *Id.* The trial court denied the motion, the defendant entered a no contest plea, and the trial court sentenced him. *Id.* The court of appeals reversed and ordered the defendant discharged. *Id.*

**{¶29}** The Supreme Court of Ohio reversed the judgment of the court of appeals. *Id.* at 85. The Supreme Court explained that "there is no evidence whatsoever from which it can be concluded that the rescheduling of appellee's trial date * * * emanated from anything other than his own conduct." *Id.* at 84. The Supreme Court explained that it was "clear" that the defendant "was afforded his statutory right to a speedy trial initially, but through his own design he chose to shun this right and impede the prompt administration of this cause." *Id.* He would "not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he has waived their benefits." *Id.* The Supreme Court rejected the defendant's contention that his failure to appear should "minimally 'extend' the period of time within which he should be brought to trial, pursuant to R.C. 2945.72(D)" and toll time from his initial trial date until his recapture. *Id.* at 84-85. The Supreme Court found "this solution unworkable and inconsistent with the efficient administration of justice." *Id.* at 85. The Supreme Court explained: "There is no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance." *Id.* Thus, the Supreme Court held

that "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." *Id.* at 85.

{¶30} "[T]his Court, relying upon precedent from other appellate districts, has extended the reasoning in *Bauer* to apply to situations where the appellant fails to appear at other scheduled court appearances, such as scheduling conferences, change of plea hearings and arraignments." *State v. Fultz*, 4th Dist. Ross No. 06CA2923, 2007-Ohio-3619, ¶ 11. In this case, Boyd failed to appear at the November 12, 2021 final pre-trial hearing. The trial court found that he had notice of the proceeding, capiases were issued for his arrest, and Boyd was not rearrested until after the November 2021 trial dates. Applying *Bauer* and our prior precedent, we conclude that Boyd waived his right to assert the provisions of R.C. 2945.71 through 2945.73 from his initial arrest to the date he was rearrested, December 6, 2021.

{¶31} Given this waiver, the 270-day speedy trial clock did not begin in both cases until December 7, 2021, so absent any tolling events, the state had until September 2, 2022, to bring Boyd to trial. As noted above, the state asserts that under R.C. 2945.72(H), time tolled from June 13, 2022, until Boyd entered his guilty pleas due to continuances the trial court granted sua sponte due to its overcrowded docket. Specifically, in Case No. 20CR0081, the trial court continued the June 13, 2022 trial to October 24, 2022, because another case was proceeding to trial on June 13th and October 24th was "the next available date for trial" "due to the already scheduled criminal cases on the court's docket." The court later continued the October 24, 2022 trial because a trial in a different

case had carried over from the previous week.  In Case No. 21CR0032, the trial court continued the June 13, 2022 trial to December 19, 2022, because another case was proceeding to trial on June 13th and December 19th was "the next available date for trial" "due to the already scheduled criminal cases on the court's docket."[7]

**{¶32}**  Boyd did not address these potential tolling events in his argument in his appellate brief or file a reply brief arguing that these continuances were unreasonable or should be attributed to the state.  Consequently, Boyd has not established a motion to dismiss on speedy trial grounds stood a reasonable probability of success in his cases. Therefore, even if Boyd had not waived his ineffective assistance of counsel claim by pleading guilty, he failed in his burden to demonstrate ineffective assistance of counsel. Accordingly, we overrule the first assignment of error.

## IV.  SECOND ASSIGNMENT OF ERROR

**{¶33}**  In the second assignment of error, Boyd concedes that the trial court made the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and in the sentencing entry, but he contends those findings were unsupported by the record.  Boyd claims that the trial court was not "made aware of the specific conduct" his offenses involved.  He asserts that without such information, it is "impossible" for a court to determine that consecutive sentences are not disproportionate to the seriousness of an offender's conduct and "difficult to ascertain any danger an offender poses to the public."

---

[7] Neither party addresses the October 19, 2022 entry in Case No. 21CR0032 stating that the matter came before the court on the "Motion of the Defendant for a Continuance of the October 24, 2022, trial," that the motion is "well taken," that the trial will be continued "until a later date determined by the court," and that "time is tolled during this period of continuance."

## A.  R.C. 2929.14(C)(4)

**{¶34}**  R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶35}**  "Though 'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings.' "  *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  " 'Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' "  *Id.,* quoting *Bonnell* at ¶ 37.

## B.  R.C. 2953.08(G)(2)

**{¶36}**  R.C. 2953.08 governs appeals based on felony sentencing guidelines.  R.C. 2953.08(G)(2) states:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

"R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4)." *Jones* at ¶ 12.

{¶37} "R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only 'if it clearly and convincingly finds' that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *Id.* at ¶ 13, citing R.C. 2953.08(G)(2), and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. "The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and 'clearly and convincingly f[ound] either * * * [t]hat the record does not support the

sentencing court's findings under [certain statutes]' or '[t]hat the sentence is otherwise contrary to law,' R.C. 2953.08(G)(2)." (Alterations sic.) *Id.*

### C. Analysis

**{¶38}** Boyd concedes that the trial court made the requisite findings to impose consecutive sentences at the sentencing hearing and in the sentencing entry. Despite the broad wording of his assignment of error, his argument addresses only whether the proportionality finding was supported by the record. Boyd's contention that the record does not support this finding is based on an incorrect premise—that the trial court was not aware of the specific conduct his offenses involved. The trial court reviewed the PSI, which contained detailed information about Boyd's offenses. The PSI indicates that in Case No. 20CR0081, Boyd fled from law enforcement in a stolen vehicle, driving erratically at high speeds while using drugs. The PSI indicates that about 10 months later, in Case No. 21CR0032, Boyd fled from law enforcement again to avoid arrest on outstanding warrants and for cutting a catalytic converter off a vehicle. He again drove erratically at high speeds during a long pursuit which covered 57 miles. The PSI also indicates that Boyd has a lengthy criminal record. And after reviewing the entire trial-court record, we do not clearly and convincingly find that the record does not support the finding that consecutive sentences are not disproportionate to the seriousness of Boyd's conduct and to the danger he poses to the public. Accordingly, we conclude Boyd's second assignment of error lacks merit, and we overrule it.

## V.  CONCLUSION

**{¶39}** Having overruled the assignments of error, we affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
            Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**